UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Criminal No.  07-109 - RMC |
| E-GOLD LIMITED, | : | |
| GOLD & SILVER RESERVE, INC., | : | |
| DOUGLAS L. JACKSON, | : | |
| BARRY K. DOWNEY and | : | |
| REID A. JACKSON | : | |
| _____/ | | |
| related case: | : | |
| | : | |
| In the Matter of the Seizure of | : | |
| Any and all property in/underlying E-GOLD | : | |
| Account **544179** and in/underlying E-GOLD | : | CASE NUMBER: |
| account **109243**, held by E-GOLD, Ltd. or | : | 07-167-M-01 |
| Gold & Silver Reserve, Inc. on behalf | : | |
| of **E-GOLD, Ltd.** | : | |
| _____/ | | |

## DEFENDANTS' MOTION TO UNSEAL THE LETTER SENT TO MAGISTRATE JUDGE JOHN FACCIOLA BY THE UNITED STATES DEPARTMENT OF JUSTICE IN SUPPORT OF THE APPLICATION FOR THE SEIZURE WARRANT IN CASE NO. 05-664-M-01

Defendants e-gold Limited, Gold & Silver Reserve, Inc., Douglas L. Jackson, Barry K. Downey and Reid A. Jackson, by their undersigned counsel, move the Court to direct Magistrate Judge John Facciola to unseal the letter sent to him by the Department of Justice in support of the seizure warrant application in Case No. M 05-664. In support of this motion, undersigned counsel states as follows:

On or about December 16, 2005, the government executed seizure warrants over Gold & Silver Reserve, Inc.'s (G&SR's) two primary American bank accounts. These warrants were signed by Magistrate Judge John Facciola on or about December 14, 2005. During an emergency motions hearing before Magistrate Judge Facciola held on December 29, 2005, G&SR learned, among other things, the following facts:

1.      during the application process for the initial seizure warrants, there were two meetings between the government and the Magistrate Judge, the first in person and the second via telephone;

2.      following the telephone conference, the Magistrate Judge asked the Justice Department to write a letter documenting the telephone conference;

3.      the Justice Department obliged and sent the requested letter to the Magistrate Judge shortly thereafter;

4.      the Magistrate Judge never read the letter. Instead, he directed his clerk to seal it and place it in an envelope.

(Pages 1-8 of the transcript of that motions hearing is attached hereto as Exhibit 1; *see* Exhibit 1 at pp.4-7.) According to the Magistrate Judge, he asked the Justice Department to write the letter "because [he] **anticipated a day like today would come.**" *See,* Exhibit 1, at p.7, lines 4-5; [Emphaiss added].

During a June 14, 2007 telephone conversation between undersigned counsel (Andrew Ittleman, Esq.) and counsel for the United States (AUSA Laurel Loomis Rimon), undersigned counsel asked Ms. Rimon if the government would agree to a motion to have the letter unsealed. Ms. Rimon advised undersigned counsel that the government would not make such an agreement. According to Ms. Rimon, the letter is irrelevant to the instant proceedings.

The Defendants cannot know for sure whether the letter is in fact relevant to the instant proceedings because they have never read it. Nevertheless, there exists a very strong likelihood that statements made by the government when it applied to the Magistrate Judge for the original seizure warrants are relevant, ***especially*** given that the parties are presently litigating the manner in which the government applied for seizure warrants in this case. Accordingly, assuming that no privilege applies which would shield the letter from production, the letter should be produced to the Defendants at this time.

WHEREFORE, for the foregoing reasons, the Defendants e-gold Limited, Gold & Silver Reserve, Inc., Douglas L. Jackson, Barry K. Downey and Reid A. Jackson respectfully request that this Court enter an order directing the Magistrate Judge to unseal

and produce to the Defendants the letter sent by the Justice Department to Magistrate Judge John Facciola during the application process for the original seizure warrants.

Respectfully submitted,

/s/ Andrew S. Ittleman
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Fuerst Humphrey Ittleman, PL
1001 Brickell Bay Drive, Suite 2002
Miami, FL 33131
305-350-5690 (o)
305-371-8989 (f)
Aron Raskas, Esq.
District Court for the
District of Columbia Bar No. 935692
Kramon & Graham, P.A.
One South Street; Suite 2600
Baltimore, Maryland 21202-3201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

**DEFENDANTS' MOTION TO UNSEAL THE LETTER SENT TO MAGISTRATE JUDGE JOHN FACCIOLA BY THE UNITED STATES DEPARTMENT OF JUSTICE IN SUPPORT OF THE APPLICATION FOR THE SEIZURE WARRANT IN CASE NO. 05-664-M-01**

was served on June 16, 2007 upon all counsel of record via the Court's Electronic Case Filing system.

/s/ Andrew S. Ittleman
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Fuerst Humphrey Ittleman, PL
1001 Brickell Bay Drive, Suite 2002
Miami, FL 33131
(305) 350-5690 (o)
(305) 371-8989 (f)

**DEFENDANTS' MOTION TO UNSEAL THE LETTER SENT TO MAGISTRATE
JUDGE JOHN FACCIOLA BY THE UNITED STATES DEPARTMENT OF
JUSTICE IN SUPPORT OF THE APPLICATION FOR THE SEIZURE
WARRANT IN CASE NO. 05-664-M-01**


# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - -x
                              :
UNITED STATES OF AMERICA      :
                              :
     vs.                      :   Docket No. 05-0664M-01(CR)
                              :
ALL FUNDS ON DEPOSIT ON OR    :
BEFORE DECEMBER 19, 2005 IN   :
REGIONS BANK ACCOUNT NO.      :
6709194851, REGIONS BANK      :
ACCOUNT NO. 6709194878 AND    :
SUNTRUST BANK ACCOUNT NO.     :
1000028078359 IN THE NAME OF  :
GOLD & SILVER RESERVE, INC.,  :
d/b/a OMNIPAY, in rem,        :
                              :
        Defendants.           :
                              :   Washington, D.C.
- - - - - - - - - - - - - - -x   December 29, 2005


TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Government:     LAUREL RIMON, ESQ.
                        KIMBERLY PERETTE, ESQ.
                        Assistant United States Attorney

For the Defendant:     CARLOS RODRIGUEZ, ESQ.
                        ANDREW ITTLEMAN, ESQ.
                        MITCHELL FUERST, ESQ.


**Proceedings recorded by the Court, transcript produced by Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307, Washington, D.C. 20005, 202-347-5395, www.pro-typists.com** M1261/bf

1                    **P R O C E E D I N G S**

2              THE CLERK:  This is Criminal Case 05-664M,

3    United States versus All Funds on Deposit in Regions Bank

4    Accounts in the name of Gold & Silver, Incorporated.  This

5    is a sealed matter.  This is a motions hearing.  Will all

6    parties please identify themselves for the record, and the

7    parties you represent, beginning with the Plaintiffs.

8              MS. RIMON:  Good morning, Your Honor.  Laurel

9    _____ Rimon with the U.S. Attorney's Office for the

10   United States.

11             MS. PERETTE:  Good morning, Your Honor.  Kimberly

12   Keifer Perette, with the Criminal Division of Department of

13   Justice.

14             MR. DODSON:  Good morning, Your Honor.  Roy

15   Dodson with the United States Secret Service.

16             THE MAGISTRATE JUDGE:  Good morning, Agent

17   Dodson.

18             MR. RODRIGUEZ:  Your Honor, Carlos Rodriguez.

19   I'm joined as counsel for this proceeding, I'm a member

20   in good standing of this Court, and I think yesterday Your

21   Honor ruled in allowing Mr. Mitchell to participate, and

22   I would ask now that Your Honor address the same motion

23   pro hac vice for our Mr. Ittleman, so that he can

24   participate, as well.

25             THE MAGISTRATE JUDGE:  The motion is granted.

1          MR. FUERST:  Good morning, Judge.  My name is
2   Mitchell Fuerst.  I'm here for the Respondent.
3          THE MAGISTRATE JUDGE:  Okay.  Now, Mr. Fuerst,
4   you're a member of the Florida bar as well as the bar of
5   this Court, or just of the Florida bar?
6          MR. FUERST:  I'm a member of the Florida bar.
7   I'm not a member of this Court, although I have been
8   granted pro hac vice status before this Court on prior
9   occasions.  I have Mr. Ittleman with me.
10         MR. ITTLEMAN:  Good morning, Your Honor.  Andrew
11  Ittleman from Rodriguez, O'Donnell, Ross and Fuerst, on
12  behalf of the Respondent.
13         MR. FUERST:  Your Honor, behind the bar I have my
14  partner, Mr. England --
15         THE MAGISTRATE JUDGE:  Good morning, sir.
16         MR. FUERST:  -- another lawyer in my office,
17  Ms. Janeta??? --
18         THE MAGISTRATE JUDGE:  Ms. Janeta???.
19         MR. FUERST:  -- Mr. Barry Downey, who is an
20  attorney for the principal of Gold & Silver Reserve, and
21  Dr. Jackson, also a principal of Gold & Silver Reserve.
22         THE MAGISTRATE JUDGE:  Thank you very much.  If
23  you'll all be seated.  As I promised you last night, since
24  the Government proceeded ex parte I'm concerned about the
25  imbalance of information.  So if I can, I would just like

1    to review the history of this, what happened.

2            As you know, magistrate judges are assigned to

3    criminal matters on a monthly basis, and December is my

4    month.  One day, and I don't remember exactly when it was,

5    but it would have been the day before I issued the order,

6    at about 4:00 o'clock in the afternoon, Mr. Cowan and Agent

7    Dodson and another person -- I don't know who that person

8    was, but another representative of the Department of

9    Justice -- brought this application to me.

10           In the ordinary course, I would review it on the

11   spot and sign it or not sign it.  But in that particular

12   instance I immediately expressed to Mr. Cowan my concern

13   with this matter, because it seemed to be a quite unusual

14   matter.  I advised Mr. Cowan that I would not sign it

15   immediately, but I would give it thought over the evening.

16   And that evening and the next morning I considered the

17   statutory authority which was cited, which was 18 U.S.C.,

18   1981, and the concomitant statute, 1960, which is the

19   federal legislation pertaining to what the statute

20   describes as a money-transmitting business.

21           I remained concerned about this matter and placed

22   a phone call to the gentleman who I believe is the chief of

23   the Fraud Division, what used to be the Fraud Division, at

24   the U.S. Attorney's Office, and expressed some concerns

25   about this.  My concerns took several different forms.

1       The first concern I had was -- although not
2   primary in my thinking, but the one that first came to mind
3   -- was whether there would be innocent third parties at
4   the other end of this transaction who, by virtue of the
5   Government's action, would be unable, for example, to have
6   their checks honored by the merchants and others to whom
7   they gave them because of the absence of funds to cover
8   them.  I was assured by Mr. Cowan that that was not a
9   concern.

10      The Government then explained to me, as Mr. Steve
11  Bernell had done earlier in the day, that, oddly enough,
12  this investigation into the activities of Gold & Silver
13  Reserve had come about as a branch or as a part of an
14  investigation into child pornography, as I understood it.
15  The services were being used to pay for this child
16  pornography anonymously.

17      I then had a conversation with those two
18  gentlemen and expressed those concerns.  Mr. Bernell,
19  if my memory serves me right, was on the phone, as was
20  Mr. Holt and Mr. Cowan and another person, and I expressed
21  those concerns.  I also expressed concerns about the
22  legitimacy of the enterprise.

23      I explained to them, as I will explain to you,
24  that it was reminiscent to me of an instrument that I
25  myself have used at one point in my life.  There was a

1   point in the 1980s, I guess it was, when interest rates
2   went through the roof, and Merrill Lynch had an account in
3   which monies were invested into money market certificate --
4   I'm sorry, into municipal bonds, so that the interest that
5   was gained on one's money market account that was used in
6   the ordinary course to pay one's mortgage, that escaped
7   taxation.

8       And I explained to these gentlemen that I didn't
9   quite understand why, if I understood the situation
10  correctly, why there was any governmental concern about an
11  instrument that struck me as being fairly common in the
12  marketplace.  That is, I could conjure up a situation in
13  which a gentleman in Argentina, for example, who was a
14  merchant, would buy goods from France.  Since in Argentina
15  his currency might be fluctuating wildly, I could
16  understand why the merchant in France would be unwilling to
17  be paid in pesos, and therefore would be willing to be paid
18  in an international instrument like this.

19      At that point, the Government -- I don't remember
20  if they exactly agreed or disagreed with my analogy or
21  found it insufficient, but nevertheless indicated that they
22  had some concerns that unless the Court took immediate
23  action that the funds at issue would be dissipated, and
24  therefore on balance it seemed to them more appropriate
25  that the monies be placed in escrow where they could not be

1  dissipated until a Court could take action.

2          Since I was proceeding ex parte, I asked Mr. Holt

3  to please give me a letter in which he explained what he

4  had explained in the phone call, because I anticipated a

5  day like today would come.  Such a letter arrived in my

6  chambers.  I did not read it.  I just read the first

7  sentence of it, which indicated that Mr. Holt said that

8  because he was about to discuss investigative matters he

9  asked for me to consider it to be privileged under the

10 attorney-client and work product privileges.  That is all

11 I remember of the letter.  I don't remember specifically

12 reading it.  My clerk has told me that she has read it.

13 I have directed her to take the letter, seal it, and put it

14 an envelope.

15         So that brings everyone up to date.  The next

16 thing that happened, as I explained yesterday, was that we

17 received a phone call, I believe from Gold & Silver

18 Reserve.  I was in New York visiting my family for the

19 holidays, and Ms. Podger and I chatted.  She indicated that

20 she had got a call from your firm, Mr. Rodriguez, I

21 believe, indicating that you were going to be involved in

22 the matter.

23         And as I explained yesterday, a young lady

24 arrived at our office and explained to us that you had not

25 received the documentation that was pertinent here.  As you

1   now know, I was concerned about that, and pursuant to the

2   order I issued yesterday I directed that the affidavit be

3   given you.

4           As you've noticed from its copy, I expurgated

5   that portions of it that I thought could be described as

6   investigative, but frankly, on the basis of the expurgated

7   -- a comparison of the expurgated and unexpurgated version

8   shows that I didn't delete all that much, so I think you

9   now have the Government's theory of prosecution and what

10  the case is all about.  I hope that corrects the imbalance

11  of information.

12          If you have any questions personally of me you

13  wish to ask about those transactions, please do so now so

14  you can make your argument on the basis of a fully informed

15  record.

16          MR. FUERST:  Judge, I don't have any questions

17  based upon what you've said but, in fact, what you have

18  said allows me to start my argument when you're ready.

19          THE MAGISTRATE JUDGE:  Please.

20          MR. FUERST:  Would you like me to approach the

21  bench?

22          THE MAGISTRATE JUDGE:  Would you, please.

23  We have here, counsel -- we're very high-tech here in

24  Washington, D.C., so we have a recording system that is

25  operated by the sound of your voice, but if you come to the

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Criminal No.  07-109 - RMC |
| E-GOLD LIMITED, | : | |
| GOLD & SILVER RESERVE, INC., | : | |
| DOUGLAS L. JACKSON, | : | |
| BARRY K. DOWNEY and | : | |
| REID A. JACKSON | : | |
| _____/ | | |
| related case: | : | |
| | : | |
| In the Matter of the Seizure of | : | |
| Any and all property in/underlying E-GOLD | : | |
| Account **544179** and in/underlying E-GOLD | : | CASE NUMBER: |
| account **109243**, held by E-GOLD, Ltd. or | : | 07-167-M-01 |
| Gold & Silver Reserve, Inc. on behalf | : | |
| of **E-GOLD, Ltd.** | : | |
| _____/ | | |

## ORDER GRANTING DEFENDANTS' MOTION TO UNSEAL THE LETTER SENT TO MAGISTRATE JUDGE JOHN FACCIOLA BY THE UNITED STATES DEPARTMENT OF JUSTICE IN SUPPORT OF THE APPLICATION FOR THE SEIZURE WARRANT IN CASE NO. 05-664-M-01

THIS MATTER came before the Court on the Defendants motion to unseal the letter sent to Magistrate Judge John Facciola by the United States Department of Justice in Support of the Application for the Seizure Warrant in Case No. 05-664-M-01. Being fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

The Defendants' Motion is GRANTED.

Magistrate Judge John Facciola is directed to UNSEAL the letter sent to him by the Department of Justice and forward a copy of that letter to this Court, counsel for the United States, and counsel for the Defendants.

SIGNED AND ENTERED in Chambers this _____ day of June, 2007.

_____
ROSEMARY M. COLLYER
United States District Judge