UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> :    Criminal No. 07-109 (RMC) <br> : |
| v. | : <br> : |
| E-GOLD, LTD. <br> GOLD & SILVER RESERVE, INC., <br> DOUGLAS L. JACKSON, <br> BARRY K. DOWNEY, and <br> REID A. JACKSON, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

**GOVERNMENT'S MEMORANDUM OF POINTS
AND AUTHORITIES REGARDING A STAY OF THIS
CRIMINAL CASE PENDING AN APPEAL BY DEFENDANTS**

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia and the United States Department of Justice, hereby files its Memorandum of Points and Authorities Regarding a Stay of This Criminal Case Pending an Appeal By Defendants. For the reasons outlined below, the Government believes a stay of this case pending an interlocutory appeal would not be appropriate.

The established case law in this Circuit governing motions for stay pending appeal counsels for consideration of four factors:

> (1) Ha[ve defendants] made a strong showing that [they are] likely to prevail on the merits of [their] appeal?  Without such a substantial indication of the probable success, there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review. (2) Ha[ve the movants] shown that without such relief, [they] will be irreparably injured?  The key word in this consideration is irreparable. * * * The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. * * * (3) Would the issuance of a stay substantially harm other parties interested in the proceedings? * * * Relief saving one claimant from irreparable injury, at the expense of similar harm

      caused another, might not qualify as the equitable judgment that a stay represents.
      (4) Where lies the public interest?

*Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958); *see Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1997) (reaffirming *Petroleum Jobbers*); *see also* D.C. Cir. R. 8(a)(1).[1] These required showings serve to limit interference with district court proceedings and promote the efficient administration of justice, which are particularly compelling needs in a criminal case. *Flanagan v. United States*, 465 U.S. 259, 264 (1984) (holding that "final judgment rule," which limits jurisdiction of appellate courts to final decisions of district courts, "is at its strongest in the field of criminal law"); *Cobbledick v. United States*, 309 U.S. 323, 324 (1940) ("Finality as a condition of review is an historic characteristic of federal appellate procedure."); *In re Sealed Case*, 655 F.2d 1298, 1300 (D.C. Cir. 1981) ("[I]nsistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice[.]") (quotation omitted).

      However, courts have held that issuance of restraining orders may be the basis for an interlocutory appeal under 28 U.S.C. § 1292. *See United States v. Floyd*, 992 F.2d 498, 500 (5th Cir.

---

[1] District of Columbia Circuit Rule 8 states:
    (a) Criteria; Service.
    (1) A motion for a stay of a judgment or of an order of the district court or any other motion seeking emergency relief must state whether such relief was previously requested from the district court and the ruling on that request. The motion must state the reasons for granting the stay or other emergency relief sought and discuss, with specificity, each of the following factors: (i) the likelihood that the moving party will prevail on the merits; (ii) the prospect of irreparable injury to the moving party if relief is withheld; (iii) the possibility of harm to other parties if relief is granted; and (iv) the public interest.

1993); *In re Assets of Martin*, 1 F.3d 1351, 1355 (3d Cir. 1993); *United States v. Kirschenbaum*, 156 F.3d 784, 788 (7th Cir. 1998) (collecting cases).

The Government has only identified one case that is on point with the facts in this case. *United States v. Wittig*, 2005 WL 1385666 (D. Kan.), involved a motion by defendants to stay criminal proceedings pending their appeal of the district court's decision to reinstate a restraining order requested by the Government. Looking to Federal Rule of Appellate Procedure 8(a)(1), which parallels the factors quoted above, the court denied the defendants' motion to stay. Specifically, the court found that the defendants had not demonstrated a likelihood of success on appeal because they had not challenged the evidence in the record that the property was forfeitable proceeds, but, rather, "continue[d] to refer back to their arguments that there is no legal basis for forfeiture of [the] asset." *Id*. at * 3. Given the court's finding of probable cause, the *Wittig* court held that defendants had failed to show a likelihood of success on appeal.

With respect to the second factor – the threat of irreparable harm if the stay is not granted – the court found in *Wittig* that this factor also did not weigh in favor of a stay. The defendants argued that, absent a stay, they would be denied the right to legal fees necessary to retain the counsel of their choice, thereby compromising their Sixth Amendment rights. *Id.* at * 3-4. Citing *Monsanto*, however, the court pointed out that the Supreme Court had held that a pretrial restraint of assets does not violate the Sixth Amendment, even where the defendant wants to use those assets to pay attorney's fees. *Id.* at * 4.

Addressing the harm to the Government if the stay is granted, the *Wittig* court recognized the Government's interest in availability of its witnesses and expeditious use of resources and found that the government would be harmed by a stay. Finally, the *Wittig* court found that public's interest in

a speedy trial and in having justice rendered expeditiously weighed against a stay of the criminal case. In this case, an analysis of the four factors that inform the Court's decision on whether a stay is appropriate similarly weigh against allowing a stay.

    A.    <u>There is Little Likelihood Defendants' Appeal Will Succeed on the Merits</u>

As in *Wittig*, here, the defendants have argued purely that there is no basis for forfeiture of the assets in the seized e-gold accounts. They have not argued that the seized assets would not be subject to forfeiture, assuming *arguendo* that the crimes alleged are true, nor do they have any factual basis to make such an argument. Further, they have not argued that the seized assets are not those identified for forfeiture in the indictment (or civil seizure warrant).

Rather, defendants contend that their activities do not fall within the parameters of one of the crimes charged – 18 U.S.C. § 1960 – and, therefore, the seized accounts cannot be subject to forfeiture. While defendants say the issue of forfeitability is inextricably linked to an analysis of whether the crime is properly charged, this is exactly the inquiry that the majority of courts, and, indeed, the legislative history, hold is improper:

> [21 U.S.C. 853, the criminal statute authorizing seizure of forfeitable property] does not exclude, however, the authority to hold a hearing subsequent to the initial entry of the order and the court may at that time modify the order or vacate an order that was clearly improper (e.g., where information presented at the hearing shows that the property restrained was not among the property named in the indictment). *However, it is stressed that at such a hearing the court is not to entertain challenges to the validity of the indictment.* For the purposes of issuing a restraining order, the probable cause established in the indictment or information is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based.

S. Rep. 98-225, at 203 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3386 (emphasis added). *See also Jones*, 160 F.3d at 647-48; *United States v. Moya-Gomez*, 860 F.2d 706, 729 (7th Cir. 1988);

4

*United States v. 250 Lindsay Lane*, 2005 WL 1994762, at *6 (W.D. Ky. 2005); *United States v. Jamieson*, 189 F. Supp. *But see United States v. Monsanto*, 924 F.2d 1186, 1200 (2d Cir. 1991) (allowing district court to reconsider grand jury's finding of probable cause as to the offense).

Thus, if the Court's and grand jury's findings of probable cause that defendants have violated 18 U.S.C. § 1960 are taken as established, defendants must admit that the contents of the two seized e-gold accounts are subject to forfeiture. Because defendants' arguments are weak to non-existent regarding this factor, it does not weigh in favor of a stay.

B.   <u>Defendants Will Not Be Irreparably Harmed if the Stay is Not Granted</u>

It is the defendants' burden as the movant to show that irreparable harm will occur if the stay is not granted. Defendants contend that, without the seized funds, they will be irreparably harmed because they will not be able to pay for "counsel of their choice." However, defendants have not made a sufficient showing that they are without other funds to pay attorney's fees, and have not, therefore, demonstrated irreparable harm. Further, the Supreme Court has established that Constitutional rights are not infringed upon by the pre-trial restraint of assets a defendant desires to use to pay for counsel "of choice."

First, the record contains ample evidence of funds other than the seized property that are available to defendants. Even taking defendants' most conservative statements, contained in the briefs and Affidavits they submitted in support of their motion to vacate the seizure warrants, defendants have the following assets available to them:

> $941,671 in liquid assets held by e-gold, Ltd. (Exhibit 1, para. 7, to Defendant's Reply Memorandum in Support of Motion to Vacate Seizure Warrant (hereinafter "Defendants; Reply")).

> $895,939 in liquid assets held by Gold & Silver Reserve, Inc.[2] (Exhibit 2, para. 10(d), to Defendants' Reply).
>
> $1,775,089 worth of e-gold contained in e-gold accounts held by e-gold, Ltd. and Gold & Silver Reserve, Inc. (Defendant's May 22, 2007 Affidavit).
>
> $334,622 worth of e-gold contained in e-gold accounts owned (according to defendants) by Ancien, Ltd. (owned by Jackson and Downey Family Trusts) (Exhibit 3, para. 5, and Exhibit 5, para. 13 to Defendants' Reply).
>
> $239,000 a month in income from operations.[3] (Exhibit 1, para. 7, to Defendants' Reply).

Yet, as we explain in our response to the Defendants' motion to vacate the seizure warrants, it appears that even more assets than reported by defendants are available in actuality. *See* Government's Response to Defendant's Motion to Vacate Seizure Warrants at p. 8.

Most importantly, though, defendants are incorrect to say they have a Constitutional right to "counsel of their choice." What they have, as the Supreme Court pointed out in *Caplin & Drysdale*, 941 U.S.C 617 (1989), is a right to "adequate representation," but they "cannot insist on representation by an attorney [they] cannot afford." *Id.* at 624. In *Caplin*, the Court considered the petitioner's argument that the Sixth Amendment limits forfeiture where the defendant is unable to retain the attorney of his choice due to threat of forfeiture of the funds he would use to pay that attorney. The Court held, however, that "[a] defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way

---

[2] According to defendants, this amount is reduced from $1.3 million since May 28, 2007, although a reason for the reduction is not given. These funds may have been used to pay attorney's fees.

[3] Extrapolating from defendants' statement that they earned $118,000 in fees/revenue over a 15 day period), not including fees the charge to exchange funds.

6

that that defendant will be able to retain the attorney of his choice." *Id.* at 625-26. This holds true, the Court ruled, even in the pre-trial context where assets have been restrained based upon a finding of probable cause. *Id.* at 632-33; *United States v. Monsanto*, 491 U.S. 600, 613 (1989).

In this case, the defendants would prefer to pay for counsel with forfeitable funds of the defendant companies rather than to use other funds available to them. The case law makes clear that there is no Constitutional right for them to express this preference where funds are subject to forfeiture. Because defendants have shown neither that they lack available funds to pay for their chosen counsel, nor that they will be denied adequate representation if the seized funds remain unavailable to them, they have not demonstrated a real threat of irreparable harm if the stay is not granted.

   C.  <u>The Government and Public Interest Will Be Harmed by a Stay</u>

A stay of this case, which would likely last for months, would harm the Government by delaying its ability to present its evidence as quickly as possible, in a case that defendants have indicated should not go to trial until Spring 2008, at the earliest. Further delay, extending the distance between witnesses experiences of events and their time of testimony, and causing further expenditures of resources by the numerous Government offices involved in this prosecution, is a significant burden to the Government. The public, also, has a strong interest in seeing justice rendered expeditiously. Perhaps most urgent, the Government believes and the Indictment and civil seizure warrants reflect, that the defendants are continuing to operate, and profit from, an unlicensed and illegal business that launders money for criminals. These factors are significant in this case particularly because of the weakness of defendants' arguments on appeal and the lack of a real threat of irreparable harm.

CONCLUSION

Because defendants are not able to satisfy the criteria required to be entitled to a stay of the criminal case proceeding against them, particularly because their arguments on appeal are not likely to be successful and there is a lack of a threat of irreparable harm, the Government respectfully requests the Court to deny defendants' motion to stay.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
LAUREL LOOMIS RIMON
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
555 Fourth Street, N.W., Rm. 5830
Washington, D.C.  20530
(202) 514-7788
Laurel.Loomis.Rimon@usdoj.gov

KIMBERLY KIEFER PERETTI
Senior Counsel
MICHELLE KANE
Trial Attorney
U.S. Department of Justice
Computer Crime and Intellectual Property Section, Criminal Division
1301 New York Ave., NW, Suite 600
Washington, D.C.  20530
(202) 353-4249
kimberly.peretti@usdoj.gov

Dated: June 29, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2007, a copy of the foregoing Government's Memorandum of Points and Authorities Regarding a Stay of This Criminal Case Pending an Appeal by Defendants was served via ECF on counsel for the defendants,

>Mitchell Fuerst, Esq.
>Andrew Ittleman, Esq.
>Fuerst Humphrey Ittleman
>1001 Brickell Bay Drive
>Suite Two Thousand Two
>Miami, FL 33131
>mfuerst@fuerstlaw.com
>aittleman@fuerstlaw.com
>
>Aron Raskas, Esq.
>Kramon & Graham, P.A.
>One South Street, Suite 2600
>Baltimore, MD 21202-3201
>araskas@kg-law.com
>
>David B. Smith
>English & Smith
>526 King Street, Suite 213
>Alexandria, VA 22314
>dsmith@englishandsmith.com
>
>Lawrence S. Robbins
>Robbins, Russell, Englert, Orseck & Untereiner, LLP
>1801 K St., N.W.
>Suite 411
>Washington, D.C. 20006
>lrobbins@robbinsrussel.com

>_____
>Laurel Loomis Rimon
>Assistant United States Attorney