UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Criminal No. 07-109 - RMC |
| E-GOLD LIMITED, | : | |
| GOLD & SILVER RESERVE, INC., | : | |
| DOUGLAS L. JACKSON, | : | |
| BARRY K. DOWNEY and | : | |
| REID A. JACKSON | : | |
| _____/ | | |
| related case: | : | |
| | : | |
| In the Matter of the Seizure of | : | |
| Any and all property in/underlying E-GOLD | : | |
| Account **544179** and in/underlying E-GOLD | : | CASE NUMBER: |
| account **109243**, held by E-GOLD, Ltd. or | : | 07-167-M-01 |
| Gold & Silver Reserve, Inc. on behalf | : | |
| of **E-GOLD, Ltd.** | : | |
| _____/ | | |

**DEFENDANTS REQUEST FOR RECONSIDERATION OF THIS COURT'S
JULY 20, 2007 MEMORANDUM OPINION AND ORDER**

Defendants e-gold Limited, Gold & Silver Reserve, Inc., Douglas L. Jackson, Barry K. Downey and Reid A. Jackson, by and through undersigned counsel, respectfully request that this Court reconsider its July 20, 2007 order denying the defendants' request for a stay of this case pending their interlocutory appeal. In support of this motion, the defendants state as follows:

**I.     The Court's Decision was Based Upon Findings of Fact Based Exclusively Upon Controverted Affidavits and Without the Benefit of an Evidentiary Hearing.**

On June 21, 2007, this Court held an oral argument on the issue of whether the Defendants were entitled to an evidentiary hearing on the Defendants' motion to vacate the seizure warrant and to modify the restraining order entered in this case. At that

hearing, this Court ruled that the Defendants were not entitled to such a hearing and concluded that they "were totally unable to make any showing of any kind that the Omnipay[1] operating accounts did not contain monies entirely resulting from the exchange business which the Government asserts is an unregistered and unlicensed money exchange business." Memorandum Opinion, at 4-5.

Several factors present during the June 21, 2007 oral arguments contributed to the Defendants' inability to make such a tracing showing. First, in its seizure warrant affidavit, the government attacked <u>all</u> of the Defendants' activities as proscribed under 18 U.S.C. § 1960. During oral arguments, the Court accepted the government's allegations as true *and* refused to receive evidence concerning any of the following issues:

- a) that e-gold Ltd. and Gold & Silver Reserve, Inc. are distinct businesses;
- b) that e-gold Ltd. does not offer an exchange service;
- c) that none of e-gold Ltd.'s seized e-gold (from e-gold account no. 544179) was traceable to an exchange service; and
- d) whether the e-gold seized from the Gold & Silver Reserve, Inc. e-gold account (account no. 109243) was traceable to exchange activities.

Thus, once the Court accepted the government's allegations as true and refused to permit the Defendants to explain why the government's presentation was inaccurate, the Defendants were left with no meaningful way to make such a showing.[2]

---

[1] The Defendants respectfully note that the accounts seized were not "Omnipay operating accounts." Of the two seized accounts, one is owned by e-gold Ltd. and the other is owned by Gold & Silver Reserve, Inc. OmniPay is simply the name of the e-gold exchange service offered by Gold & Silver Reserve, Inc. This confusion is also present in the seizure warrant affidavit, where Special Agent Dotson swears, at p.2, that both of the seized e-gold accounts were owned by e-gold Ltd.

[2] The only showing that the Court would have permitted the Defendants to make was described as follows: "[U]nless you can make a showing, some kind of a proffer that

2

Finally, because the Court ruled that the Defendants could not articulate a tracing challenge, the Court did not hear argument or receive evidence on the questions of a) what assets, if any, each Defendant had available, and b) the extent to which the Defendants required the seized assets to pay for attorneys fees and reasonable living and operating expenses. Nevertheless, without considering those questions, the Court – in its July 20, 2007 Memorandum Opinion – made findings of fact based exclusively on controverted affidavits and without the benefit of an evidentiary hearing.

Accordingly, to the extent that this Court made findings of fact based entirely on controverted affidavits and without affording the Defendants the opportunity to be heard in court, the defendants respectfully request that this Court reconsider its decision to deny the Defendants' request for a stay of this case.

## II.   The Court's Decision was Based Upon Erroneous Calculations of the Defendants' Available Assets.

In its Memorandum Opinion filed on July 20, 2007, at p.9, this Court found, based upon the aggregation of four (4) categories of "funds" listed by the government in its memorandum in opposition to the defendants' request for a stay, that the Defendants had $3,856,669 with which to pay for attorneys fees. However, because none of the four (4) listed categories accurately reflects the Defendants' (or any individual Defendant's) available assets, the cumulative value is also inaccurate. The $3.86 million figure is the result of double counting and a grossly incomplete presentation of facts filed by the government.

---

some of these monies did not derive from either of those operations, then I don't think we have any place to go." June 21, 2007 Hearing Transcript, at 65:8 – 65:11.

The first two categories of assets attributed to the Defendants in the Court's July 20, 2007 Memorandum Opinion consisted of "$941,672.02 in liquid assets held by e-gold Ltd (Defs. Reply Mem. In Supp. Of Mot. To Vacate Seizure Warrant, Exh.1, ¶ 7)" and "$895,939 in liquid assets held by G&SR (Defs.' Reply, Exh.2, ¶10(d)." Memorandum Opinion, at p.9. To the extent that either of these figures had an impact on the Court's decision to deny the Defendants' request for a stay, the Defendants respectfully request that the court reconsider its Order. These figures simply do not accurately reflect the assets that Gold & Silver Reserve, Inc. has available to operate and pay for attorneys' fees and reasonable living and operating expenses.

First, these figures fail to take into account the $18,500 in accounts payable that e-gold Ltd. had as of May 28, 2007. Secondly, the figure attributed to Gold & Silver Reserve, Inc. fails to consider that, as of June 21, 2007,[3] a) G&SR had a USD equivalent of $613,448.07 in accounts payable and exchange liabilities, b) that G&SR had shown a substantial loss in liquid assets in the two weeks immediately prior to the June 12, 2007 figure, and c) that G&SR is still a going concern and needs its liquid assets in order to survive; *see,* Post Indictment Restraining Order, at p.3, ¶ 7 ("…the order requested is narrowly tailored to allow orderly continuation of defendants' business activities as well as the ability of the defendants' customers to access their funds.")

---

[3]  *See,* Gold & Silver Reserve, Inc.'s June 21, 2007 Affidavit, [DE 44] at pp.12-13: "As of May 28, 2007, G&SR had total liquid assets with a USD equivalent of $1,315,199.08. As of June 12, 2007 – the date of the most recent update available to G&SR – G&SR had $895,939.28 in available liquid assets. This $419,259.80 decrease was caused by the expenditure of funds in the ordinary course of G&SR's activities, which includes the payment of payroll, InExchange fulfillments, OutExchange fulfillments and other fees and costs. Additionally, as of June 12, 2007, G&SR had a USD equivalent of $613,448.07 in accounts payable and exchange liabilities."

4

The third category of assets that the Court attributed to the Defendants in the July 20, 2007 Memorandum Opinion consisted of "$1,775,089 worth of e-gold contained in e-gold accounts held by e-gold Ltd and G&SR." Memorandum Opinion, at 9. The inclusion of this figure into the analysis of the Defendants' ability to pay for attorneys fees at this time is inaccurate and results in a gross over-calculation of the defendants' available assets.

The figures included in the first two categories of assets that the Court attributed to the Defendants were based on measurements that were accurate as of June 12, 2007. However, the figure included in this third category of assets is based on a measurement made on or about May 2, 2007. Thus, the aggregation of June 12, 2007 figures and May 3, 2007 figures results in a <u>double counting</u> that significantly overstates the assets available to the defendants to pay for counsel; *see,* Defendants' Memorandum of Points and Authorities in Support of a Stay of this Case Pending Defendants' Interlocutory Appeal, at 8 ("The government, on pages 5-6 of its Memorandum, strives to confuse the Court about the value of the defendants' assets. It does so by stacking figures descriptive of one period of time (June 12, 2007) on top of figures applicable to another period of time (May 2, 2007) and creating a 'double counting' of the defendant corporations' assets.") Even ignoring the double counting that must be performed to arrive at the $1,775,089 figure, the figure is still inaccurate because it fails to take into account any of the Defendants' debts and expenses.

The final category of assets attributed to the Defendants in the Court's July 20, 2007 Memorandum Opinion consisted of "$239,000 a month in income from operations." Memorandum Opinion, at 9. As the Defendants stated at p.8 of their Memorandum of

5

Points and Authorities in Support of a Stay of this Case Pending Defendants' Interlocutory Appeal, that figure is "totally speculative and would not be considered accurate under any recognized accounting principle." The figure also ignores each company's monthly costs of operations.

WHEREFORE, for the foregoing reasons, the Defendants, e-gold Limited, Gold & Silver Reserve, Inc., Douglas L. Jackson, Barry K. Downey and Reid A Jackson respectfully request that this Court reconsider its July 20, 2007 order denying the defendants' request for a stay of this case pending their interlocutory appeal.

Respectfully submitted,

/s/ *Andrew S. Ittleman*
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Fuerst Humphrey Ittleman, PL
1001 Brickell Bay Drive, Suite 2002
Miami, FL  33131
305-350-5690 (o)
305-371-8989 (f)

/s/ *Aron U. Raskas*
Aron U. Raskas
District of Columbia Bar No. 422939
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Telephone: 410-752-6030
Fax: 410-539-1269
araskas@kg-law.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANTS REQUEST FOR RECONSIDERATION OF THIS COURT'S JULY 20, 2007 MEMORANDUM OPINION AND ORDER** was served on July 31, 2007 on all counsel of record via the Court's Electronic Case Filing system.

*/s/ Andrew S. Ittleman*
Andrew S. Ittleman, Esq.
Fuerst Humphrey Ittleman, PL
1001 Brickell Bay Drive, Suite 2002
Miami, FL 33131
305-350-5690 (o)
305-371-8989 (f)