UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : Criminal No. 07-109 (RMC) |
| v. | : |
| | : |
| **E-GOLD, LTD.** | : |
| **GOLD & SILVER RESERVE, INC.,** | : |
| **DOUGLAS L. JACKSON,** | : |
| **BARRY K. DOWNEY, and** | : |
| **REID A. JACKSON,** | : |
| | : |
| **Defendants.** | : |
| | : |

GOVERNMENT'S RESPONSE TO DEFENDANTS'
REQUEST FOR RECONSIDERATION
OF JULY 20, 2007 MEMORANDUM OPINION AND ORDER
<u>DENYING DEFENDANTS' REQUEST FOR STAY</u>

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia and the United States Department of Justice, hereby files its response to Defendants' Request for Reconsideration of this Court's July 20, 2007 Memorandum Opinion and Order Denying Defendants' Request for Stay ("Defendant's Request for Reconsideration"). For the reasons set forth below, Defendants' Request is without merit and should be denied.

INTRODUCTION

A.   <u>Procedural History</u>

Defendants e-gold, Ltd., Gold & Silver Reserve, Inc. ("GSR"), Douglas Jackson, Barry Downey, and Reid Jackson were indicted by a federal grand jury in this district on April 24, 2007 for money laundering conspiracy in violation of 18 U.S.C. §1956; conspiracy to operate an unlicensed money transmitting business in violation of 18 U.S.C. §§ 371 and 1960; operation of an unlicensed money transmitting business in violation of 18 U.S.C. § 1960; and, money transmitting

without a license in violation of D.C. Code § 2-1002. The indictment contains a forfeiture allegation seeking forfeiture of all assets of the defendant corporations on the basis of the money laundering and operation of an unlicensed money transmitting business violations.

On April 25, 2007, this Court issued a restraining order in this criminal case and civil seizure warrants for numerous e-gold accounts, including accounts 544179 and 109243, both of which belong to the corporate defendants. The funds in those two e-gold accounts, amounting to $1,481,976.38, were received by the Government on May 11, 2007. On June 1, 2007, defendants filed a Motion to Vacate Seizure Warrant and to Modify Restraining Order and Request for an Evidentiary Hearing. The motion was fully briefed, with affidavits submitted by both sides. After hearing oral argument, the Court denied both the motion and the hearing request.

Defendants requested a stay of the criminal proceedings while they appealed the Court's decision to the District of Columbia Circuit Court of Appeals. After the Court held a telephonic status conference on the stay issue, the Government submitted a Memorandum of Points and Authorities on June 29, 2007, and defendants submitted their own Memorandum of Points and Authorities on July 9, 2007. On July 20, 2007, the Court issued a Memorandum Opinion and Order ("Opinion") denying the defendants' request for a stay.

On its face, defendants' current Request seeks to have the Court reconsider the decision denying the stay, but the brief is entirely directed at the validity of the underlying denial of the motion to vacate the seizure warrant.

B. Legal Standard

To prevail on a motion for reconsideration, defendants "must demonstrate that there has been 'an intervening change in controlling law,' there is 'new evidence,' or there is a 'need to correct clear

error or prevent manifest injustice.'" *United States v. Libby,* 429 F. Supp. 2d 46, 47 (D.D.C. 2006) (quoting *United States v. Yakou,* Crim. No. 03-449, 2004 WL 884545, at *2 (D.D.C. 2004)).[1] Although there are few opinions in this District elaborating on that standard, in another district that applies the same formulation it has been said that "[t]his is a demanding standard. It is not enough . . . that [the moving party] could now make a more persuasive argument." *United States v. Chiochvili,* 103 F. Supp. 2d 526, 528 (N.D.N.Y 2000) (denying motion for reconsideration of decision on suppression of evidence); *see also United States v. Shi,* 396 F. Supp. 2d 1132, 1137 (D. Hawai'i 2003) (applying the same standard as this District and noting, "[t]here is a 'compelling interest in the finality of judgments which should not lightly be disregarded.'") (citations omitted).

## ARGUMENT

### A. The Defendants Have Not Demonstrated Proper Grounds For Reconsideration Of The Order Denying A Stay

#### 1. There Has Been No Intervening Change In Law

Defendants have cited no change in the law of this Circuit regarding the propriety of granting a stay pending appeal. Nor have they pointed to any change in the law governing pretrial seizures, which could arguably affect the likelihood of their appeal's success – one of the factors the Court weighed in evaluating the stay request. In fact, the only significant change in the legal landscape is that the Fifth Circuit Court of Appeals has now overruled its previous opinion in *United States v. Thier,* 801 F. 2d 1463 (5th Cir. 1986), cited by defendants as support for their request for an

---

[1] Neither the Federal Rules of Criminal Procedure nor the Rules for the District Court for the District of Columbia provide for motions for reconsideration in criminal cases. This court, and others, have therefore imported similar standards from civil procedure. *See, e.g., United States v. Yannotti,* 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006) (noting that Federal Rules do not expressly provide for reconsideration but that Southern District of New York applies a local civil rule in criminal cases).

evidentiary hearing on the motion to vacate the seizure warrant. The Fifth Circuit has expressly joined the majority of circuits, and this Court, in embracing the *Jones-Farmer* standard. *See United States v. Holy Land Found.*, No. 04-11282, 2007 U.S. App. LEXIS 17135, at *13-14 (5th Cir. Jul. 18, 2007) (holding that there is no Rule 65 guarantee of a pretrial hearing on the validity of seizure and stating, "we believe the rule we adopt strikes an appropriate balance . . . It will spare the Government from frivolous challenges that might impede its ongoing criminal investigations, but does so without jeopardizing the rights of property owners to access their assets in a timely fashion when necessary.").

2. Defendants Have Not Presented Any New Evidence

Defendants have also failed to point to any new evidence in support of their request for reconsideration. Instead, defendants have simply alleged that the Court erred by basing its decision on the seizure order on "controverted" evidence and a miscalculation of the available assets. This is incorrect, but, even if it were true, this would not be sufficient grounds to grant the request for reconsideration.

a. There Is No Controverted Evidence

As this Court correctly found, the only relevant factual inquiry was whether defendants could establish that the seized funds were not properly traceable or properly identified as forfeitable property. Opinion, at 7-8. Yet, the "evidence" that defendants claim was "controverted" related only to whether the defendants had committed the crimes charged. *See* Defendants' Request For Reconsideration, at 2. Furthermore, although defendants claim to be disputing the evidence, their "evidentiary" argument is that the Court erred in accepting the "government's allegations as true and refus[ing] to receive evidence" concerning the activities of e-gold and GSR. *Id.* This characterization is wrong.

4

While stating that the Court wrongly accepted the government's allegations as true, defendants fail to point to any particular allegations that should not have been accepted. Instead, defendants restate the arguments regarding the operation of their business that this Court has already rejected . *See* Opinion, at 7. This does not rise to the level of new or even "controverted" evidence. Moreover, the government "allegations" regarding the operation of the business are contained in the indictment, supported by probable cause. This Court has unequivocally stated that motion to vacate the seizure warrant could not be used to obtain a ruling on whether the crime was properly charged. Opinion, at 7. To the extent that Defendants' current request continues to challenge the indictment, it has no merit.

In addition, as noted in the Opinion, at the hearing on the motion to vacate the seizure warrant, the Court expressly asked defendants to say "whether *any* of the monies in the two operating accounts were not fairly traceable to the alleged illegal scheme," and defendants were unable to respond. Opinion, at 7. It cannot now be argued that this Court refused to accept any evidence offered by defendants.

Finally, despite their claim that there is outstanding "controverted evidence," that has not been considered by the Court, defendants failed to submit an affidavit presenting such evidence under oath in support of this Request. Thus, defendants have neither called into question the validity of any evidence relied on by the Court in reaching its decision on the seizure warrant or on the stay, nor have they presented new evidence to support their cause.

                b.       <u>The Court Did Not Miscalculate</u>

The Court's findings regarding defendants' assets was based upon information provided by the defendants themselves. For example, defendants gave the Court the $895,939.28 figure for GSR's liquid assets that they now claim "do[es] not accurately reflect the assets" that GSR has

available. *See* Defendants' Request, at 4, n. 3. If that figure was misleading because of outstanding liabilities, they did not provide that information in their sworn affidavits submitted at the time and, as noted above, they have not provided any new affidavits to validate this claim. In particular, defendants have never explained what type of "accounts payable and exchange liabilities" make up the $613,448.07 figure that they argue should be considered when evaluating GSR's finances. A detailed review of the transaction records would establish exactly to whom those liabilities are owed. The argument regarding GSR's need for liquid assets to continue operating (Defendants' Request, at 4) was fully briefed during the motion to vacate the seizure warrant, and was taken into account by the Court in it's decision.

In the end, however, these arguments regarding the purported evidentiary disputes are meaningless. Because defendants have not articulated any explanation for how the seized property will not be subject to forfeiture if the crimes are proven, the argument that the numbers are incorrect is moot.

        3.      Defendants Have Not Established Any Clear Error Of Law Or Manifest Injustice

In denying defendants' request for a stay of these proceedings pending their interlocutory appeal, this Court weighed the factors described in *Virginia Petroleum Jobbers Assn v. FPC*, 259 F. 2d 921, 925 (D.C. Cir. 1958). After examining defendants' likelihood of success on the merits of the appeal, the potential for *irreparable* injury to defendants, the harm to other interested parties, and the public interest in the case, the Court found that every factor counseled against a stay. Defendants have not challenged the propriety of this test or the Court's application of it.

As to the underlying decision to deny defendants' motion to vacate the seizure warrant, in reaching that decision, this Court adopted and correctly applied the *Jones-Farmer* standard for

evaluating a challenge to pretrial seizure. *See United States v. Farmer,* 274 F. 3d 800, 803, 806 (4th Cir. 2001); *United States v. Jones*, 160 F. 3d 641, 647 (10th Cir. 1998). As noted above, support for this approach has only been strengthened since the Court reached its decision, and defendants have not challenged the Court's adoption of it. Applying that standard, this Court determined that defendants were not entitled to an evidentiary hearing because all of the seized money is "fairly traceable to the alleged illegal activity." Opinion, at 8. Despite defendants' attempt to relitigate the issue of the seizure under the guise of challenging the decision to deny a stay, they have still not established that any assets of a legitimate business have been seized.

The fact that defendants may not be able to continue with their chosen counsel without access to the seized funds is the only hardship at issue in evaluating the justice of denying the stay. The Court has already observed that defendants have no constitutional right to counsel of their choice. Opinion, at 8 (citing *Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989)). The constitutional right to counsel will be honored by allowing the individual defendants to have counsel appointed by the Court if necessary.[2] Thus there is no danger of "manifest injustice" in denying the request for reconsideration.

    B.    <u>The Court Properly Denied A Stay</u>

Putting aside the "demanding standard" that applies on a motion for reconsideration, defendants have still failed to present *any* argument or evidence that calls into question the Court's determination that a stay is unwarranted. Ultimately, this Request, the request for a stay of the proceedings, and the motion to vacate the seizure warrant all rest on defendants' disagreement with

---

[2] As the Court noted in its Opinion, the individual Defendants have submitted only incomplete affidavits, not the financial disclosures required for the Court to determine whether each is entitled to appointed counsel. Opinion, at 6, n. 6.

the underlying indictment. In all of their briefs, defendants have failed to raise an adequate challenge to the propriety of the seizure warrant because they have not pointed to one penny in the seized operating accounts that was not the product of the illegal activity charged in the indictment.

The validity of the indictment itself cannot be attacked from the side through these forfeiture motions and procedural wranglings. The Court has expressed its willingness to accept a motion to dismiss, or defendants can present their case before a jury. Those are the proper ways to resolve the issues raised here. There is simply no reason for the Court to reconsider its denial of a stay or to reexamine its decision regarding the seizure order.

CONCLUSION

For the foregoing reasons, including defendants' failure to present any argument regarding a change in the law, new evidence, or clear error, the Government respectfully requests that the Court deny Defendants' Request for Reconsideration of This Court's July 20, 2007, Memorandum Opinion and Order.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY

By: _____
    LAUREL LOOMIS RIMON
    Assistant United States Attorney
    U.S. Attorney's Office
    Criminal Division
    555 Fourth Street, N.W., Rm. 5830
    Washington, D.C.  20530
    (202) 514-7788
    Laurel.Loomis.Rimon@usdoj.gov

    KIMBERLY KIEFER PERETTI
    Senior Counsel
    MICHELLE J. KANE
    Trial Attorney
    U.S. Department of Justice
    Computer Crime and Intellectual Property Section, Criminal Division
    1301 New York Ave., NW, Suite 600
    Washington, D.C.  20530
    (202) 353-4249
    Kimberly.Peretti@usdoj.gov
    Michelle.Kane@usdoj.gov

Dated: August 10, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2007, a copy of the foregoing Government's Memorandum of Points and Authorities Regarding a Stay of This Criminal Case Pending an Appeal by Defendants was served via ECF on counsel for the defendants,

>Mitchell Fuerst, Esq.
>Andrew Ittleman, Esq.
>Fuerst Humphrey Ittleman
>1001 Brickell Bay Drive
>Suite Two Thousand Two
>Miami, FL 33131
>mfuerst@fuerstlaw.com
>aittleman@fuerstlaw.com
>
>Aron Raskas, Esq.
>Kramon & Graham, P.A.
>One South Street, Suite 2600
>Baltimore, MD 21202-3201
>araskas@kg-law.com
>
>David B. Smith
>English & Smith
>526 King Street, Suite 213
>Alexandria, VA 22314
>dsmith@englishandsmith.com
>
>Lawrence S. Robbins
>Robbins, Russell, Englert, Orseck & Untereiner, LLP
>1801 K St., N.W.
>Suite 411
>Washington, D.C. 20006
>lrobbins@robbinsrussel.com

_____
Laurel Loomis Rimon
Assistant United States Attorney