UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-109 (RMC) |
| v. : | |
| : | |
| E-GOLD, LTD., : | |
| GOLD & SILVER RESERVE, INC., : | |
| DOUGLAS L. JACKSON, : | |
| BARRY K. DOWNEY, and : | |
| REID A. JACKSON, : | |
| : | |
| Defendants. : | |
| : | |

**GOVERNMENT'S NOTICE OF FILING**

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia and the United States Department of Justice, hereby files this notification in accordance with the Court's September 17, 2007 order instructing the Government to notify the Court of assets held by the defendants that have not been disclosed by the defendants' themselves.

On October 12, 2007, the three individual defendants, Douglas L. Jackson, Barry K. Downey, and Reid A. Jackson, each filed declarations regarding their assets pursuant to this Court's September 17, 2007 order. Previously, on June 1, 2007, the individual defendants along with the corporate defendants, e-gold, Ltd. and Gold & Silver Reserve, Inc. ("GSR"), filed similar declarations concerning their asset holdings and income.

In none of these filings have the defendants disclosed the fact that GSR owns 25% of an entity called "IceGold," which, according to its website at www.icegold.com, is an Estonian company founded in 2000 that "offers exchange services between e-currencies and government

issued money." In fact, it appears from its website that IceGold deals exclusively with the digital currency "e-gold." GSR obtained this 25% interest in IceGold in 2000.

As the Government has previously explained, it is our view that the individual defendants, because they are the major shareholders, principal officers, and day-to-day managers of GSR (as well as of e-gold, Ltd.), have *de facto* control and ownership of GSR and GSR's assets. Accordingly, Douglas Jackson, Barry Downey, and Reid Jackson should have included this asset in their declarations. At the very least, GSR should have disclosed this asset to the Court months ago.[1]

Finally, within the last six weeks, defendants have requested approval from the Government to redeem (sell or transfer) three of the gold bars (worth more than $900,000 as of today's date) under the defendants' custody and control for the purpose of facilitating IceGold's exchange activity. *See* Attachment A. With GSR's own exchange entitity – OmniPay – not operational according to its website, this suggests that a large volume of exchange activity may have transferred to IceGold, an entity also partially owned by the defendants. Further, given that the defendants have previously

---

[1] Government counsel did inform defense counsel at the time of the status conference on October 22, 2007 that it intended to file this notice.

failed to disclosed the income they receive(d) from their exchange activity through OmniPay, the Government is concerned that they may now be earning further income for exchanges through IceGold that is not being disclosed to the Court.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        UNITED STATES ATTORNEY


                    By:          /s/
                          LAUREL LOOMIS RIMON
                          Assistant United States Attorney
                          U.S. Attorney's Office
                          Criminal Division
                          555 Fourth Street, N.W., Rm. 5830
                          Washington, D.C.  20530
                          (202) 514-7788
                          Laurel.Loomis.Rimon@usdoj.gov

                          KIMBERLY KIEFER PERETTI
                          Senior Counsel
                          U.S. Department of Justice
                          Computer Crime and Intellectual Property Section, Criminal Division
                          1301 New York Ave., NW, Suite 600
                          Washington, D.C.  20530
                          (202) 353-4249
                          Kimberly.Peretti@usdoj.gov


Dated: October 24, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2007, a copy of the foregoing Government's Notice of Filing was served via ECF on counsel for the defendants,

>Joshua G. Berman, Esq.
>Sonnenschein Nath & Rosenthal LLP
>1301 K St NW
>Suite 600, East Tower
>Washington, DC 20005
>T: (202) 408-5208
>F: (202 408-6399
>jberman@sonnenschein.com
>
>Mitchell Fuerst, Esq.
>Andrew Ittleman, Esq.
>Fuerst Humphrey Ittleman
>1001 Brickell Bay Drive
>Suite Two Thousand Two
>Miami, FL 33131
>mfuerst@fuerstlaw.com
>aittleman@fuerstlaw.com
>
>Michelle Peterson, Esq.
>Federal Public Defender
>625 Indiana Ave., NW – Suite 550
>Washington, D.C. 20004-2923
>shelli_peterson@fd.org
>
>Barry J. Pollack, Esq.
>Kelley Drye Collier Shannon
>3050 K St., NW - Suite 400
>Washington, DC 20007
>bpollack@kelleydrye.com
>
>Aron Raskas, Esq.
>Kramon & Graham, P.A.
>One South Street, Suite 2600
>Baltimore, MD 21202-3201
>araskas@kg-law.com

>_____
>Laurel Loomis Rimon
>Assistant United States Attorney

**ATTACHMENT A**



**FUERST HUMPHREY ITTLEMAN** PL
Attorneys and Counselors of Law

Andrew S. Ittleman, Esq.
(305) 350-5694
aittleman@fuerstlaw.com

August 6, 2007

**Sent via Facsimile and Electronic Mail**
AUSA Laurel Loomis Rimon
United States Attorney's Office
555 Fourth Street, N.W.
Room 5830
Washington, DC 20530
Fax: (202) 305-8537
Laurel.loomis.rimon@usdoj.gov

Re: *United States v. e-gold, et al*

Dear Laurel:

This letter confirms the telephone conversation that you and I had this afternoon wherein a) I noticed you of the need to redeem one bar of physical bullion for purposes of satisfying third party OutExchange orders, b) I requested permission for such a redemption to take place, and c) you agreed to the redemption.

Thank you for your consideration of this matter.

Very truly yours,

Andrew S. Ittleman, Esq.

ASI/



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 5, 2007

**_Via Facsimile and First Class Mail_**

Andrew Ittleman, Esq.
Fuerst Humphrey Ittleman
1001 Brickell Bay Drive
Suite Two Thousand Two
Miami, FL 33131
F: (305) 371-8989

      Re:    e-gold, Ltd., et al.

Dear Andy:

     This is a request for clarification and further information related to your letter of August 6, 2007 seeking authorization to sell one bar of gold bullion. You stated that the redemption was for the purpose of satisfying third party "OutExchange" orders. We note that, according to your clients' website, OmniPay suspended exchanges on May 24, 2007. Please explain this discrepancy.

                                  Sincerely,

                                  JEFFREY A. TAYLOR
                                  UNITED STATES ATTORNEY

By:    Laurel Loomis Rimon
        Assistant United States Attorney
        Kimberly Kiefer Peretti
        Senior Counsel
        Michelle Kane
        Trial Attorney
        United States Department of Justice



FUERST
HUMPHREY
ITTLEMAN PL
Attorneys and Counselors at Law

Andrew S. Ittleman, Esq.
(305) 350-5694
aittleman@fuerstlaw.com

September 12, 2007

**_Sent via Facsimile and Electronic Mail_**
AUSA Laurel Loomis Rimon
United States Attorney's Office
555 Fourth Street, N.W.
Room 5830
Washington, DC  20530
Fax: (202) 305-8537
laurel.loomis.rimon@usdoj.gov

Re:  *e-gold Ltd., et al.*

Dear Laurel:

    I am in receipt of your letter dated September 5, 2007 requesting clarification of an apparent "discrepancy" related to a letter that I sent to you on August 6, 2007.

    In my letter to you dated August 6, 2007, I indicated that there existed a "need to redeem one bar of physical bullion for purposes of satisfying third party OutExchange orders." In spite of the fact that Gold & Silver Reserve, Inc. is currently incapable of conducting exchange operations, other parties still can, and there consequently still exists the occasional need for some suitable entity to redeem bars of bullion.

    As I have previously explained to you, neither the trust nor the bullion is an asset of either e-gold Ltd., G&SR, Dr. Jackson, Mr. Jackson, or Mr. Downey. Accordingly, in order for gold to be moved from the account of the e-gold Bullion Reserve Special Purpose Trust for purposes of redemptions, the repository must receive instructions from e-gold Ltd. and the Escrow Agent. The e-gold Bullion Reserve Special Purpose Trust provides, at § 4.1, as follows: "The safekeeping arrangements with secure repositories shall require dual signature (i.e., authorization by both e-gold Ltd. and by the designated third party contracted to serve as Escrow Agent) before any bullion may be removed for any purpose."

    In this case, IceGold had e-gold on hand but wanted to exercise its right of redemption pursuant to § 3.3 of the e-gold Account User Agreement. That provision provides as follows:

AUSA Laurel Loomis Rimon
September 12, 2007
Page – 2 –

>   3.3. Conditional Redemption
>
>   Issuer will redeem e-metal subject to these conditions:
>
>   3.3.1. Redemption medium - Issuer will redeem e-gold only with bullion already in inventory. If, for example, Issuer is holding only 400 oz gold bars, redemption demands specifying some other sort of gold bar will not be honored.
>
>   3.3.2. Threshold redemption quantity - Issuer reserves the right to specify a minimum quantity for redemption. This minimum is subject to change, with advance notice, at the sole discretion of Issuer. In no case will the minimum be less than the fine weight of the smallest bullion items held in storage.
>
>   3.3.3. Shipping/Handling and Premium - Issuer reserves the right to charge fees for shipping, handling and insurance incident to delivery in fulfillment of redemption orders. An additional charge will be assessed for redemption involving inventory items that command a market premium of value over their fine weight.
>
>   3.3.4. Right of Redemption - Except as provided in Section 4.6.1, Issuer will not attempt to suspend or revoke User's conditional right of Redemption.

Accordingly, IceGold spent its own e-gold to the e-gold account of the e-gold Comptroller. Consequently, a) e-gold in circulation in the e-gold universe diminished by exactly the weight of that spend, and b) IceGold received one bar from the trust as the result of the redemption of e-gold. Please keep in mind that e-gold in circulation is 100% backed by physical bullion in allocated storage. Please also keep in mind that the entire system was built upon that very elementary and very sacred principle; see, e-gold Account User Agreement, at §§ 3.1.1, 3.1.2.

I hope that this letter clarified the discrepancy that you perceived in our earlier communications.

Very truly yours,

Andrew S. Ittleman, Esq.

ASI

FUERST, HUMPHREY, ITTLEMAN, PL
1001 BRICKELL BAY DRIVE, STE. 2002, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FUERSTLAW.COM



# FUERST HUMPHREY ITTLEMAN PL
Attorneys and Counselors at Law

Andrew S. Ittleman, Esq.
(305) 350-5694
aittleman@fuerstlaw.com

October 12, 2007

**Sent via Facsimile and Electronic Mail**
AUSA Laurel Loomis Rimon
United States Attorney's Office
555 Fourth Street, N.W.
Room 5830
Washington, DC 20530
Fax: (202) 305-8537

Re: *Case No. 07-109 (RMC)*

Dear Laurel:

Please accept this letter as the confirmation of the telephone conversation that you and I had this afternoon wherein, consistent with my letter to you dated September 12, 2007, I explained to you that there once again exists the need to redeem 800 troy ounces of e-gold for two 400 troy ounce gold bars for purposes of satisfying the OutExchange orders of e-gold account holders, and b) you agreed to that redemption.

Thank you for your consideration. Please do not hesitate to contact me if you would care to discuss this matter further.

Very truly yours,

Andrew S. Ittleman, Esq.

Copy furnished to:
Kimberly Kiefer Peretti, Esq.

FUERST, HUMPHREY, ITTLEMAN, PL
1001 BRICKELL BAY DRIVE, STE. 2002, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FUERSTLAW.COM