UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA :<br>  :<br>v. :<br>  : Criminal No. 07-109 - RMC<br>E-GOLD LIMITED, :<br>GOLD & SILVER RESERVE, INC., :<br>DOUGLAS L. JACKSON, :<br>BARRY K. DOWNEY and :<br>REID A. JACKSON :<br>_____/ | |

**DEFENDANT BARRY K. DOWNEY'S OPPOSITION TO THE GOVERNMENT'S
MOTION TO AMEND POST-INDICTMENT RESTRAINING ORDER**

Barry K. Downey, through undersigned counsel, respectfully submits this opposition to the Government's motion to amend the post-indictment restraining order entered by the Court on April 25, 2007. Because the Government has not demonstrated that the databases sought are in jeopardy, because the indictment does not specifically name the databases as forfeitable property, and because the Government's request amounts to nothing other than an impermissible discovery tool, the Court should deny the motion.

**BACKGROUND**

A federal grand jury indicted the two corporate and three individual defendants on April 24, 2007, charging them with money laundering conspiracy, conspiracy to operate an unlicensed money transmitting business, operation of an unlicensed money transmitting business, and money transmitting without a license. The indictment also contains a forfeiture provision seeking forfeiture of "any property, real or personal, involved in, or traceable to such property involved in money laundering . . . and in operation of an unlicensed money transmitting business." Indictment at ¶ 78. The only specific forfeiture allegations in the indictment relate to

the "sum of money" involved in the alleged violations, and all "assets," including "equipment, inventory, accounts receivable and bank accounts" that "'back' the e-metal electronic currency of the E-GOLD operation." Id.

On April 25, 2007, the Court entered a post-indictment restraining order in this matter, pursuant to 21 U.S.C. § 853(e)(1)(A). See generally Post-Indictment Restraining Order (Apr. 25, 2007) (Docket No. 33). The order required, in part, that the defendants provide to the Government "an electronic copy of the Microsoft SQL server databases and/or files reflecting transactions conducted, and account owner or operator information, for all E-GOLD, LTD. and GOLD & SILVER RESERVE, INC. transactions from March 15, 2007" through the date on which the defendants executed the provisions of the order. Id. at 5. The Government concedes that the defendants have complied with this provision of the April 25 order. See Affidavit of Roy Dotson at ¶ 24 ("Dotson Aff.") (attached to the Government's Motion to Amend Post-Indictment Restraining Order at 2-3 (Docket No. 79) ("Gov't Motion")).

The Government now requests an amended restraining order requiring the defendants to submit to the Government an electronic copy of these same databases, from May 1, 2007 through the date of the proposed order and every thirty days thereafter "for the duration of the criminal proceeding." Gov't Motion at 2-3. In support of its motion, the Government does not allege that the defendants will transfer or conceal the databases in question, or that the databases are otherwise in jeopardy. Nor does the Government allege that the databases are listed in the indictment as forfeitable property. Instead, the Government merely alleges that it should be given access to this data on an on-going basis because, otherwise, the Government will have to wait to get it. See Gov't Motion at 2 (arguing that the Court should grant the Government's

2

motion because, otherwise, it would not have access to the desired data until the jury trial in this matter, currently scheduled for October 27, 2008).

## ARGUMENT

The Court should deny the Government's motion. First, the availability of the databases is not in jeopardy, nor has the Government alleged as much. Second, the databases are not named in the indictment as forfeitable property, as required by statute. Finally, the Government's attempt to use the restraining order as an impermissible discovery tool should not be condoned.

**I.    THE AVAILABILITY OF THE DATABASES IS NOT IN JEOPARDY**

Pursuant to 21 U.S.C. § 853, the *only* basis for entering a restraining order is to "preserve the availability of property" that is subject to forfeiture upon conviction. 21 U.S.C. § 853(e)(1)(A); see United States v. Palfrey, 2007 WL 1954181 at *2 (D.D.C. July 5, 2007) (Kessler, J.) (dismissing the Government's arguments that § 853(e)(1) permits the court to enter a restraining order for a purpose other than preserving the availability of property). This limited purpose is made clear not only by the plain language of the statute itself, but also by the statute's legislative history, which states that "[t]he *sole purpose* of the bill's restraining order provision…is to preserve the status quo, i.e., to assure the availability of the property pending disposition of the criminal case." S. Rep. No. 98-225, at 204 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182, 3387 (emphasis added).[1]

Here, the availability of the databases is not in jeopardy, nor has the Government alleged, much less demonstrated, as much. The Government has not alleged that the defendants intend to

---

[1]    The quoted legislative history is from a discussion of 18 U.S.C. § 1963(e), the RICO forfeiture provision. The Comprehensive Forfeiture Act amended section 1963(e) at the same time that it added section 853(e) to Title 21. As the two provisions are "analogous," the analysis in the Senate report concerning section 853(e) incorporated by reference the analysis of section 1963(e). S. Rep. No. 98-225, at 213.

3

transfer or remove the information stored on the databases, or that the databases will otherwise be unavailable for forfeiture upon any future conviction. Instead, the Government has complained that unless the Court orders the defendants to produce copies of the databases, the Government will otherwise have to wait to access the databases until the time of trial in this matter.

Because the sole purpose of a § 853(e)(1) restraining order is to preserve the availability of property — not to provide the Government with discovery or other information at any time it claims to need it — the Court should deny the Government's motion. See Palfrey, 2007 WL 1954181 at *2 (denying the Government's motion for a restraining order, where the availability of the property in question was not in jeopardy).

## II. THE INDICTMENT FAILS TO NAME THE DATABASES AS FORFEITABLE PROPERTY, AS REQUIRED BY STATUTE

The Court may enter a restraining order

> to preserve the availability of property described in subsection (a) for forfeiture under this section — upon the filing of an indictment or information charging a violation of this title or title III for which criminal forfeiture may be ordered under this section and *alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.*

21 U.S.C. § 853(e)(1)(A) (emphasis added). Thus, "[a]ccording to the plain language of the statute, a post-indictment, pre-trial restraining order is authorized only for property which the indictment has alleged to be subject to forfeiture." Palfrey, 2007 WL 1954181 at *3. Moreover, the legislative history of this provision emphasizes that "the legal basis for justifying such pre-trial restraining orders is a grand jury's decision, based on probable cause, to indict on a forfeiture charge which *names specific property*." Id. (emphasis added); see S. Rep. No. 98-225,

4

at 203 (stating that a restraining order is "clearly improper," where, for example, "the property restrained was not among the property named in the indictment").

Here, the Government seeks a copy of the databases and/or files reflecting transactions conducted and account owner or operator information. Yet, the Government has not asserted that the databases are named in the indictment as forfeitable property. Indeed, the indictment alleges generally that "any property, real or personal, involved in, or traceable to such property involved in money laundering . . . and in operation of an unlicensed money transmitting business" is subject to forfeiture. Indictment at ¶ 78. But the indictment's only specific forfeiture allegations relate to (1) the "sum of money" involved in the alleged violations, and (2) assets — including "equipment, inventory, accounts receivable and bank accounts" — that "back" the "electronic currency of the E-GOLD operation." Id. The databases are clearly not a "sum of money," nor is it clear how they could qualify as an asset that "backs" the electronic currency. Notably, the Government does not seek to restrain the databases for their inherent value as an asset that "backs" the electronic currency, but essentially for transactional information and account owner/operator information. Id. Because the indictment does not name the databases as forfeitable property, as required by statute, the Court should deny the Government's motion. See Palfrey, 2007 WL 1954181 at *3 (denying the Government's motion for a restraining order, where the property in question was not listed in the indictment).

### III. THE GOVERNMENT'S ATTEMPTED USE OF THE RESTRAINING ORDER AS AN IMPERMISSIBLE DISCOVERY TOOL SHOULD NOT BE CONDONED

As discussed above, the *only* basis for entering a restraining order is to "preserve the availability of property" that is subject to forfeiture upon conviction. 21 U.S.C. § 853(e)(1)(A). Again, the Government has not alleged that the databases will not be available, should a conviction ultimately result in this matter. Instead, it is clear that the Government wants the

5

defendants to provide it with discovery, on an on-going basis. See, e.g., Gov't Motion at 2 (stating that "the Jury Trial in this criminal proceeding has been set for October 27, 2008, which will allow the criminal activity within the e-gold system to continue unabated without the Government's ability to detect and investigate such activity in any meaningful way for one year."); Dotson Aff. at ¶ 3 ("It is necessary for the Government to review these updates on [a regular 30-day] basis because continuing investigation has shown that significant criminal activity continues to be facilitated by the e-gold system and because the defendants have failed to file a single Suspicious Activity Report, which would otherwise alert law enforcement to the ongoing criminal activities continuing to operate through their system."); id. at ¶ 25 ("Because of the significant criminal activity that continues to be facilitated by the e-gold system, as outlined above, and because the defendants have failed to file a single Suspicious Activity Report in regards to any criminal activity occurring on its system, it is necessary for the Government to review updated electronic copies of the e-gold systems' transactional databases on a regular basis.").[2]

The Government has not argued, nor could it, that it is entitled to the information sought under Rule 16. Rather, it is seeking an amendment of the restraining order in this case in order to require the defendants affirmatively and continually to provide it with discovery. This effort is nothing more than a transparent end run around the narrowly circumscribed entitlement by the Government under Rule 16 to discovery from defendants in a criminal case.[3]

---

[2] Obviously, to date the Government has not proven that e-gold, Ltd., Gold & Silver Reserve, Inc., or any of the individual defendants engaged in the criminal activity alleged in the indictment, much less has it proven that any of them are presently facilitating criminal activity.

[3] The Government, prior to indictment, obtained copies of the then-current databases through the issuance of grand jury subpoenas. Dotson Aff. at ¶ 23. Now, recognizing that post-indictment it cannot use a grand jury to obtain discovery, the Government is attempting to use a restraining order to require the defendants to give them discovery in a pending criminal case outside the bounds of permissible Rule 16 discovery.

The Court should not condone the Government's attempted use of a restraining order as an impermissible discovery tool. See <u>United States v. Eighty-Eight (88) Designated Accounts Containing Monies Traceable to Exchanges for Controlled Substances</u>, 740 F. Supp. 842, 844, 850 (S.D. Fla. 1990) (court dissolved restraining order because "the government was improperly using the order solely for the purposes of obtaining discovery," and stated that it "is troubled by the government's seeming attempt to use 21 U.S.C. § 853(e) as a discovery tool."). Accordingly, the Court should deny the Government's motion.

## CONCLUSION

For the reasons stated herein, the defendants respectfully request that the Court deny the Government's Motion to Amend Post-Indictment Restraining Order.

Respectfully submitted,

By: *[signature]*
Barry J. Pollack (D.C. Bar No. 434513)
KELLEY DRYE COLLIER SHANNON
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
bpollack@kelleydrye.com
202.342.8400
202.342.8451 fax

*Attorney for Defendant Barry K. Downey*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2007, a true and correct copy of the foregoing Defendant Barry K. Downey's Opposition to the Government's Motion to Amend Post-Indictment Restraining Order was served via ECF on all counsel of record,

_____
Barry J. Pollack