UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 07-109 (RMC) |
| v. | : | |
| E-GOLD, LTD. | : | |
| GOLD & SILVER RESERVE, INC. | : | |
| DOUGLAS L. JACKSON, | : | |
| BARRY K. DOWNEY, and | : | |
| REID A. JACKSON, | : | |
| Defendants. | : | |

**GOVERNMENT'S REPLY TO DEFENDANTS'
OPPOSITION TO THE GOVERNMENT'S MOTION TO
AMEND THE POST-INDICTMENT RESTRAINING ORDER**

COMES NOW the United States, by and through the United States Attorney for this District and by the United States Department of Justice, and hereby respectfully submits this reply to Defendant Barry K. Downey's Opposition to the Government's Motion to Amend Post-Indictment Restraining Order, which was joined in by the other defendants.

What the Government is seeking to do, in the face of ongoing and significant criminal use of the e-gold system, and given that trial is not scheduled to commence for approximately another year, is preserve the most substantial asset of the defendants – the gold bullion bars stored abroad – which is subject to forfeiture upon conviction. Although the Government has worked cooperatively with defendants to allow dissipation of their gold bar holdings for specified business purposes, and has thus far approved every request for redemption, it cannot continue to do so in the face of ongoing criminal activity without further information and assurances that would be provided by the database information.

I.   The Property Subject to Forfeiture

As defendants correctly state in their opposition brief, the Government's motion to amend the restraining order is based upon 21 U.S.C. §853(e)(1), which is incorporated into the criminal forfeiture statute 18 U.S.C. §982(b)(1), and provides that: "Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of the property [subject to forfeiture]."

The defendants are incorrect to say, however, that the databases are not forfeitable property under the forfeiture allegation contained in the Indictment, which includes:

> any property, real or personal, involved in, or traceable to such property involved in money laundering, in violation of Title 18, United States Code, Section 1956, and in operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960; including, but not limited to the following:
>
> (a)   The sum of money equal to the total amount of property involved in, or traceable to property involved in those violations. Fed.R.Crim.P. 32.2(b)(1).
>
> (b)   All the assets, including without limitation, equipment, inventory, accounts receivable and bank accounts, of **E-GOLD, LTD**., and **GOLD & SILVER RESERVE, INC.**, whether titled in those names or not, including, but not limited to all precious metals, including gold, silver, platinum, and palladium, that "back" the e-metal electronic currency of the **E-GOLD** operation, wherever located.

Clearly, the databases and the information they contain falls within the description of "all the assets, . . . without limitation . . . of E-GOLD, LTD., and GOLD & SILVER RESERVE, INC."

Further, the fact that the Government did not specifically list "databases" in the forfeiture allegation is of no moment, as it is not even required to list specific property in the indictment at all. *See United States v. Lazarenko*, 504 F. Supp.2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires

only that the indictment give the defendant notice of the forfeiture in generic terms); *United States v. Iacaboni*, 221 F. Supp. 2d 104, 110 (D. Mass. 2002) (Rule 32.2(a) makes clear that itemized list of property need not appear in the indictment; tracking language of section 982(a)(1) was sufficient), *aff'd*, 363 F.3d 1 (1st Cir. 2004); *United States v. Lino*, 2001 WL 8356, at *5-6 (S.D.N.Y. 2001) (under Rule 32.2(a), Government need not detail property subject to forfeiture in the indictment).

II.  The Information Sought Is Necessary To Preserve The Availability of The Gold Bullion For Forfeiture

Most importantly, allowing the updates to be provided to the Government is critical to ensuring that forfeitable assets – the gold bullion bars – are not improperly dissipated. That is, the transactions in the database reflect value accruing in certain accounts and being reduced in others. The database also reflects instances where value is being transferred to allow for the exchange out of e-gold into a national currency, such as United States dollars. This value is "backed" and guaranteed by physical gold bullion stored abroad, which is bought and sold as the amount of e-gold increases and decreases in circulation, although the Government is currently aware only of sales of bars and no new purchases.

This physical gold bullion is an asset that is subject to forfeiture and specifically identified as such in the Indictment. As the Court is aware, the Government has not – although a basis to do so exists[1] – sought restraint of the entire business of the defendants, nor has it sought to outright prevent dissipation of the physical precious metals holdings of the defendants. Instead, it monitors

---

[1] Under 18 U.S.C. §982(a)(1), any property, real or personal, involved in, or traceable to such property involved in money laundering, in violation of Title 18, United States Code, Section 1956, and in operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960 is subject to forfeiture. Accordingly, because defendants' sole business activity is the e-gold system, all assets of the business may also be subject to pre-trial restraint or seizure pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(e) and (f).

and approves the dissipation of gold bars on a rolling basis based upon specific requests by the defendants. The reason that the Government requested a less-extensive restraint than it could have is the Government's concern, no doubt shared by the Court and defendants, that legitimate customers be able to obtain the value from their e-gold accounts without being penalized as a result of the criminal action against the defendants.

However, as the defendants continue to sell gold bars, having now sought permission to sell 16 gold bars, each worth approximately $320,000, for a total value of $5,120,000, questions arise about the purpose of those sales and for whose benefit they are being made. While the Government has chosen not to assert its right to restrain the defendants' assets – the gold bars – where they are being dissipated for the benefit of innocent individuals, it is certainly not obligated to concede dissipation where it knows that funds are being made available to criminal users of the e-gold system.

Recent investigation, as demonstrated in the Affidavit attached to our motion, shows that exactly the same type of criminal activity continues to occur through e-gold as did pre-indictment. Clearly, criminals engaged in child pornography, credit card fraud, and investment fraud continue to operate through the e-gold system. Typically, these users cash out of the e-gold system with regularity, taking with them funds that are subject to forfeiture in this criminal case. The Government is seeking a means to identify those transactions so that it may be properly informed when the defendants request approval to reduce the assets available for forfeiture, as they do significantly each time they want to redeem a gold bar.

Finally, defendants are simply mistaken as to the potential use of the information requested as a discovery tool, as this information is not directly relevant to the Government's case, nor is the Government seeking it for discovery purposes. The period of the crimes charged in the Indictment

is through December, 2005, and, therefore, the information in current database updates is not directly relevant to those charges,

Thus, for the foregoing reasons, the Government requests this Court to amend the Post-Indictment Restraining Order to require defendants E-GOLD, LTD., GOLD & SILVER RESERVE, INC., DOUGLAS L. JACKSON, BARRY K. DOWNEY, and REID A. JACKSON to provide to the United States (i) within five (5) days of its order an electronic copy of the SQL server databases and/or files reflecting transactions conducted, and account owner or operator information, for all E-GOLD, LTD. and GOLD & SILVER RESERVE, INC. transactions from May 1, 2007 through the date of the order, and (ii) every thirty (30) days thereafter for the duration of the criminal proceeding an updated electronic copy of such databases and/or files.

Respectfully submitted,
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:     /s/
LAUREL LOOMIS RIMON
Deputy Chief for Litigation
U.S. Department of Justice
Asset Forfeiture and Money Laundering Section, Criminal Division
1400 New York Ave., NW, Room 2200
Washington, D.C. 20530
(202) 514-1315
Laurel.Loomis.Rimon@usdoj.gov

KIMBERLY KIEFER PERETTI
Senior Counsel
U.S. Department of Justice
Computer Crime and Intellectual Property Section, Criminal Division
1301 New York Ave., NW, Suite 600
Washington, D.C. 20530
(202) 353-4249
kimberly.peretti@usdoj.gov

JONATHAN HARAY
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
555 Fourth Street, N.W., Rm. 5838
Washington, D.C.   20530
(202) 353-2877
Jonathan.Haray@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2007, a copy of the foregoing Government's Notice of Filing was served via ECF on counsel for the defendants,

>Joshua G. Berman, Esq.
>Sonnenschein Nath & Rosenthal LLP
>1301 K St NW
>Suite 600, East Tower
>Washington, DC 20005
>T: (202) 408-5208
>F: (202 408-6399
>jberman@sonnenschein.com
>
>Mitchell Fuerst, Esq.
>Andrew Ittleman, Esq.
>Fuerst Humphrey Ittleman
>1001 Brickell Bay Drive
>Suite Two Thousand Two
>Miami, FL 33131
>mfuerst@fuerstlaw.com
>aittleman@fuerstlaw.com
>
>Michelle Peterson, Esq.
>Federal Public Defender
>625 Indiana Ave., NW – Suite 550
>Washington, D.C. 20004-2923
>shelli_peterson@fd.org
>
>Barry J. Pollack, Esq.
>Kelley Drye Collier Shannon
>3050 K St., NW - Suite 400
>Washington, DC 20007
>bpollack@kelleydrye.com
>
>Aron Raskas, Esq.
>Kramon & Graham, P.A.
>One South Street, Suite 2600
>Baltimore, MD 21202-3201
>araskas@kg-law.com

>_____
>Laurel Loomis Rimon
>Deputy Chief, Asset Forfeiture and
>   Money Laundering Section