UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. 07-109 (RMC) |
| v. | : |
| | : |
| E-GOLD, LTD., | : |
| GOLD & SILVER RESERVE, INC., | : |
| DOUGLAS L. JACKSON, | : |
| BARRY K. DOWNEY, and | : |
| REID A. JACKSON, | : |
| | : |
| Defendants. | : |
| | : |

## NOTICE OF FILING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby gives notice that today it has filed Appellee's Motion to Amend Court's Opinion of April 11, 2008, a copy of which is attached hereto, in case number 07-3074 before the United States Court of Appeals for the District of Columbia Circuit.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:      /s/
JONATHAN HARAY
D.C. Bar No. 480140
Assistant United States Attorney
555 Fourth Street, N.W., Rm. 5838
Washington, D.C. 20530
(202) 353-2877
Jonathan.Haray@usdoj.gov

KIMBERLY KIEFER PERETTI
Senior Counsel
U.S. Department of Justice
Computer Crime and Intellectual Property
Section, Criminal Division
1301 New York Ave., NW, Suite 600
Washington, D.C. 20530
(202) 353-4249
kimberly.peretti@usdoj.gov

LAUREL LOOMIS RIMON
Deputy Chief for Litigation
U.S. Department of Justice
Asset Forfeiture and Money Laundering
Section, Criminal Division
1400 New York Ave., NW, Room 2200
Washington, D.C. 20530
(202) 514-1315
Laurel.Loomis.Rimon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2008, a copy of the foregoing was served via ECF on counsel for the defendants,

Joshua G. Berman, Esq.
Sonnenschein Nath & Rosenthal LLP
1301 K St NW
Suite 600, East Tower
Washington, DC 20005
T: (202) 408-5208
F: (202 408-6399
jberman@sonnenschein.com

Michelle Peterson, Esq.
Federal Public Defender
625 Indiana Ave., NW – Suite 550
Washington, D.C. 20004-2923
shelli_peterson@fd.org

Barry J. Pollack, Esq.
Kelley Drye Collier Shannon
3050 K St., NW - Suite 400
Washington, DC 20007
bpollack@kelleydrye.com

Aron Raskas, Esq.
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
araskas@kg-law.com

/s/
Jonathan Haray
Assistant United States Attorney

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-3074

UNITED STATES OF AMERICA,                                         Appellee,

    v.

E-GOLD, LTD., et al.,                                            Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

APPELLEE'S MOTION TO AMEND COURT'S OPINION OF APRIL 11, 2008

INTRODUCTION

On April 11, 2008, the Court issued an Opinion in this interlocutory appeal holding, in a case of first impression in this Circuit, that "where the government has obtained a seizure warrant depriving defendants of assets pending a trial upon the merits, the constitutional right to due process of law entitles defendants an opportunity to be heard at least where access to the assets is necessary for an effective exercise of the Sixth Amendment right to counsel." United States v. E-Gold, Ltd., ___ F.3d ___, 2008 WL 995672 at *10 (Slip Op. at 19). The Court further held that, where such access to seized assets is necessary, "defendants have a right

2

to an adversary post-restraint, pretrial hearing for the purpose of establishing whether there was probable cause 'as to the defendant[s'] guilt and the forfeitability of the specified assets' needed for a meaningful exercise of their rights to counsel" (Slip Op. at 16, quoting <u>United States v. Monsanto</u>, 924 F.2d 1186, 1195 (2nd Cir. 1991) (en banc)).  Concluding that "appellants have established that their constitutional rights are being violated by the continued seizure of their assets" (Slip Op. at 4), the Court remanded the case for a "post-seizure evidentiary hearing" on the probable cause supporting the assets' seizure (Slip Op. at 4, 19).

<u>ARGUMENT</u>

Appellee respectfully submits that the record is without factual or legal support for the Court's conclusion that "appellants have established that their constitutional rights are being violated by the continued seizure of their assets" (Slip Op. at 4).  This conclusion appears based on the Court's observation that "[d]uring the pendency of this appeal, a magistrate judge ruled that the individual defendants had made a showing of financial inability to retain counsel and were eligible for appointed counsel" (Slip Op. at 4).  Based on that development, the Court further found that the individual appellants' need for the seized assets to hire counsel of choice "is clearly established in the case before us where a magistrate judge has found that the defendants are not financially

3

capable of retaining counsel of choice without the seized property" (Slip Op. at 12-13).[1/]  The Court's Opinion concludes: "Therefore, the first Mathews v. Eldridge[2/] factor weighs heavily in favor of a conclusion that the owners of the seized property are entitled to a post-deprivation pretrial opportunity to be heard" (Slip Op. at 13).

In fact, "the owners of the seized property" are the corporate appellants, not the individual appellants (see JA 259, JA 70-74). This fact is not mentioned in the Court's Opinion or considered in its analysis of the individual appellants' claims to a due process-based hearing based on the deprivation of *assets that are not theirs*. Because it employed a different analytical framework to appellants' claims than has now been adopted by this Court, the district court did not reach the merits of the individuals claims' to those assets.[3/]  The record does not demonstrate that, in finding

---

[1/]   The magistrate judge merely determined that the individual appellants "'do not have sufficient assets or income to retain counsel for this case and are eligible for appointment of counsel.'"  See September 17, 2007, Order appended to appellant's October 18, 2007, letter to Court.

[2/]   424 U.S. 319, 335 (1976).

[3/]   The district court denied appellants' motion to vacate the seizure warrant because appellants could not demonstrate that the seized assets were not part of the alleged money-transmittal business (see JA 374-75).  Therefore, it did not reach the question whether access to the seized assets was necessary to hire counsel

(continued...)

4

that the individual appellants may have court-appointed counsel, the magistrate judge made any factual or legal findings regarding the merits of their claims to the seized corporate assets. Thus, without record support for doing so, the Court's Opinion has conflated the interests of the individual and corporate appellants in the seized assets. In our view, the Opinion should be amended to remove the finding that "appellants have established that their constitutional rights are being violated by the continued seizure of their assets" (Slip Op. at 4). We believe that the issue should be remanded to the district court for further factual development and resolution, consistent with this Court's Opinion.

Appellee further respectfully suggests that the Court's Opinion be amended to make it clear that, on remand, appellants must first satisfy their initial burden to demonstrate that access to the seized assets is "necessary for an effective exercise of the Sixth Amendment right to counsel" (Slip Op. at 19) before they are entitled to a hearing on probable cause supporting the seizure warrant in this case. This approach would be consistent with the

---

[3]/(...continued)
of choice until later when, in the context of denying appellants' motion for a stay of the district court proceedings pending appeal, the district court found that there were sufficient non-seized corporate assets available to pay the estimated costs of defense (JA 253-54; see Brief for Appellee at 36-37). This factual finding is not mentioned in the Court's Opinion.

5

general framework adopted in this Court's Opinion, as well as the Second Circuit's approach in Monsanto, 924 F.2d at 1193 (requiring a due process hearing addressing probable cause where asset restraining order "put[s] beyond the defendant's reach assets which are demonstrably necessary to obtain the legal counsel he desires".). Now that this Court has issued guidance regarding the framework that governs the claims of defendants challenging the pretrial seizure of potentially forfeitable assets, we submit that the district court should be given the opportunity to fully develop a record in the context of that framework. "When an appellate court discerns that a district court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further proceedings to permit the trial court to make the missing findings." Pullman-Standard, Inc. v. Swint, 456 U.S. 273, 292 (1982).[4]

---

[4] During the pendency of this appeal, appellants filed a motion to dismiss Counts Two, Three, and Four of the indictment, arguing that 18 U.S.C. § 1960, which makes it a crime to operate an unlicensed money-transmittal business, does not apply to them because the corporate appellants do not accept cash or coins. This was the probable-cause issue that appellants had urged the district court to address in a Monsanto due-process hearing challenging the seizure warrant (see Brief for Appellant at 11-13; JA 89-93). On May 8, 2008, the district court issued a 32-page Memorandum Opinion denying appellants' motion to dismiss and holding that Section 1960 applies to appellants' businesses whether or not appellants E-Gold and GSR accepted cash or coins. That ruling will likely narrow the scope of issues to be addressed in a due-process hearing on remand.

6

CONCLUSION

For the foregoing reasons, appellee hereby respectfully requests that the Court amend its Opinion to make it clear that, on remand, appellants must demonstrate that access to the seized assets is "necessary for an effective exercise of the Sixth Amendment right to counsel" (Slip Op. at 19), and that if they do so, appellants will be entitled to a hearing on probable cause supporting the seizure warrant in this case, consistent with the Court's Opinion.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR,
                              <u>United States Attorney</u>.

                              ROY W. McLEESE III,
                              WILLIAM R. COWDEN,
                              JONATHAN HARAY,
                              <u>Assistant United States Attorneys</u>.

                              LAUREL LOOMIS RIMON,
                              <u>Deputy Chief for Litigation</u>.
                              Asset Forfeiture and Money Laundering
                              Section
                              KIMBERLY KIEFER PERETTI,
                              <u>Senior Counsel</u>.
                              U.S. Department of Justice
                              Computer Crime and Intellectual
                              Property Section, Criminal Division
                              1301 New York Avenue, NW, Suite 600
                              Washington, DC  20530

                              _____

                              SUZANNE C. NYLAND, DC BAR #375998
                              Assistant United States Attorney
                              555 Fourth Street, NW, Room 8104
                              Washington, DC  20530
                              (202) 514-7088

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that two copies of the foregoing Appellee's Motion to Amend Court's Opinion of April 11, 2008, has been mailed via first-class postage prepaid U.S. mail, and electronically mailed, to counsel for appellants: Lawrence S. Robbins, Esq., Donald J. Russell, Esq., Rachel S. Li Wai Suen, Esq., 1801 K Street, NW, Suite 411L, Washington, DC 20006, on this 20th day of May, 2008.

---

                                              SUZANNE C. NYLAND
                                              Assistant United States Attorney