UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : Crim. No. 07-109 (RMC) <br> E-GOLD, LTD. : <br> GOLD & SILVER RESERVE, INC. : <br> DOUGLAS L. JACKSON, : <br> BARRY K. DOWNEY, and : <br> REID A. JACKSON, : <br> : <br> Defendants. : <br> _____ : | |

### E-GOLD, LTD.'S MOTION FOR A BILL OF PARTICULARS AND INCORPORATED MEMORANDUM OF LAW

Defendant E-Gold Ltd. ("E-Gold"), through counsel, respectfully requests this Court to grant its Motion for a Bill of Particulars and the attached order in accordance with Fed. Rule Crim P. 7(f). As grounds for this Motion, counsel would state the following:

### BACKGROUND

On April 3, 2008 the United States Attorney's Office for the District of Columbia filed a Superseding Indictment (hereinafter "Indictment") with this Court against defendants E-Gold, Gold & Silver Reserve, Inc., Douglas Jackson, Barry Downey, and Reid Jackson. On February 11, 2008, defendants filed a Motion to Dismiss Counts Two, Three, and Four in the Indictment. This Court denied the Motion to Dismiss on May 8, 2008.

Defendants are charged with various Counts all arising from their alleged participation in an unlicensed money transmitting business. The Counts include: Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(2)(B)(i), (h), and 1957 (Count One); Conspiracy to Operate an Unlicensed Money Transmitting Business

in violation of 18 U.S.C. § 371 (Count Two); Operation of an Unlicensed Money Transmitting Business in violation of 18 U.S.C. §§ 1960 and 1962 (Count Three); and Money Transmitting without a License in violation of D.C. Code § 26-1002 (Count Four).

Defendant seeks a bill of particulars on certain allegations in the Indictment. The challenged portions of the Indictment fail to allege the necessary underlying facts to guarantee defendant's constitutional right to prepare a defense for trial and avoid being placed in double jeopardy. Here, the need for a bill of particulars is particularly great where the charges brought against defendant involve allegations of a five-party (or more) conspiracy spanning six years with a significant amount of finances and customers implicated in the Indictment. The necessary particulars are provided below.

## DEFENDANT'S REQUESTS FOR PARTICULARS

1. Indictment Allegations in the Introduction

    a. Requests for Particularization:

    i. Paragraph 21 contains an allegation that E-Gold users opened accounts with "obviously bogus and false contact" information. Defendant requests the underlying facts and information, in addition to account names, that support the conclusion that the accounts referenced in ¶ 21 were opened with false information. Such information should include, but not be limited to, both the allegedly false and allegedly accurate contact information[1] of account holders, notwithstanding whether government considers this information accurate or not.

    ii. Paragraph 23 alleges that E-Gold is a "highly favored method" of various "get rich schemes." Defendant requests the underlying facts and information

---

[1] The term "contact information," as used herein, is meant to include the name, alias, address, telephone number, email address, IP address and UR for each such person.

       supporting the allegation that E-Gold is preferred by customers involved in unlawful conduct. Such information should include, but not be limited to, the contact information of the customers allegedly involved in unlawful conduct.

2. <u>Indictment Allegations in Count I "Conspiracy to Launder Monetary Instruments"</u>
   a. <u>Requests for Particularization:</u>
      i. Paragraph 29 alleges that defendants conspired with "other persons known and unknown." Defendant requests all information related to the unnamed coconspirators. This information should include, but not be limited to, the contact information and occupations of all unnamed alleged coconspirators.
      ii. Paragraphs 29(a) through 29(d) allege that the financial transactions were committed with proceeds from the following unlawful activities: child exploitation, wire fraud, and access device fraud. Defendant requests all information supporting the alleged occurrence of such activities and how they were allegedly conducted. Identify, with contact information, all customers alleged to have participated in the unlawful conduct.
      iii. Defendant was charged with violating § 1956(a)(1)(A)(i). Defendant requests: (1) the underlying facts supporting the conclusion that defendants conspired to "knowingly conduct and attempt to conduct a financial transaction;" (2) the underlying facts supporting the conclusion that the alleged financial transaction affected "interstate and foreign commerce;" (3) the underlying facts supporting the conclusion that the alleged financial transfers "involved the proceeds of a specified unlawful activity;" and (4) the underlying facts supporting the

      conclusion that defendant conspired and intended "to promote the carrying on of specified unlawful activity."

iv. Defendant is charged with violating § 1956(a)(1)(B)(i). Defendant requests: (1) the underlying facts supporting the conclusion that defendants conspired to "knowingly conduct and attempt to conduct a financial transaction;" (2) the underlying facts supporting the conclusion that the alleged financial transaction affected "interstate and foreign commerce;" (3) the underlying facts supporting the conclusion that the alleged financial transfers "involved the proceeds of a specified unlawful activity;" and (4) the underlying facts supporting the conclusion that "the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity."

v. Defendant is charged with violating § 1956(a)(2)(B)(i). Defendant requests: (1) the facts supporting the conclusion that defendant conspired "to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity;" (2) the facts supporting the conclusion that defendant moved or conspired to move those funds "from a place in the United States to or through a place outside the United States;" (3) the facts supporting the conclusion that defendant knew "that the funds involved . . . represented the proceeds of some form of unlawful activity;" and (4) the facts supporting the conclusion that defendant knew "that such transportation . . . was designed in whole or in part to conceal and disguise the

4

nature, location, source, ownership, and control of the proceeds of specified unlawful activity."

vi. Defendant is charged with violating § 1957. Defendant requests: (1) the facts supporting the conclusion that defendant conspired to "knowingly engage and attempt to engage in monetary transactions;" and (2) the facts supporting the conclusion that defendant transacted "in criminally derived property."

vii. Paragraph 31 alleges that accounts were opened by E-Gold customers with "obviously false identifying and contact information." Defendant requests the underlying facts and information that supports the conclusion that the accounts were false, including, but not limited to, both the allegedly false and the allegedly accurate contact information for each such customer.

viii. Paragraphs 32 through 48 contain references to alleged acts committed by defendant and defendant's alleged knowledge that their customers were involved in unlawful conduct. Defendant requests (1) the contact information of all employees referenced in these paragraphs; (2) the contact information of the specific alleged coconspirators referenced in these paragraphs; (3) all information supporting the conclusion that these individuals possessed knowledge that customers were involved in unlawful conduct; and (4) specifically, what facts the government was relying on to conclude that account holders were involved in activity that "appeared to be unlawful." Identify the alleged type of criminal conduct attributed to each customer.

ix. Paragraph 34 alleges "the E-GOLD operation indicated in the account records contained in the 'e-gold' computer database the type of criminal activity that the

5

account-holder was engaged in." Defendant requests the specific records, by name, place, location, and number where E-Gold allegedly recorded such criminal activity.

x. Paragraph 36 alleges the "E-GOLD operation discovered its customers were involved in activity that appeared to be unlawful . . . but then would allow the customer to continue operating." Defendant requests: (1) the contact information and account number of customers who were allegedly involved in unlawful activity; and (2) the time when E-Gold allegedly learned that its customers were involved in unlawful activity. Identify each customer by specific account name, number, and other relevant contact information.

xi. Paragraph 39 alleges: "On some occasions, when an E-Gold customer was informed that a 'value-limit' had been placed on his or her account, it was also suggested that an alternative to providing further documentation for the existing account would be to open another E-Gold account." Defendant requests the exact time that these "occasions" occurred with respect to each account. This information should include, but not be limited to, contact information of the person(s) who allegedly gave and received such information.

xii. Paragraphs 40 and 41 allege that the "E-Gold operation" committed certain acts. Defendant requests all employees and coconspirators who are alleged to have committed these acts. This information should include, but not be limited to, the contact information for all such persons.

xiii. Paragraph 41 alleges that the "E-Gold operation" would transfer funds from accounts held by customers "known to be engaged in criminal activity" into a

6

separate account owned by the same respective customers. Defendant requests: (1) the contact information of individual customers allegedly involved in the unlawful conduct; (2) the type of unlawful conduct per each customer; (3) the specific coconspirators alleged to have possessed knowledge regarding the unlawful conduct referenced in ¶ 41; and (4) the underlying facts supporting the conclusion that the specific coconspirators possessed knowledge regarding the alleged unlawful conduct.

    xiv. Paragraphs 42 through 48 allege that "defendants" made certain transfers involving proceeds of unlawful conduct. Identify with specificity the coconspirators who were involved in the alleged transfers. Identify all information regarding the specific customers referenced in these Paragraphs. This information should include, but not be limited to, the customers' contact information and the names, addresses, and occupations of all alleged coconspirators.

3. Indictment Allegations Related to Count II "Conspiracy to Operate Unlicensed Money Transmitting Business"

   a. Request for Particularization:

    i. Paragraph 50 alleges that defendants conspired with each other and "with others known and unknown" to knowingly conduct, control, manage, supervise, direct and own all or part of an unlicensed money transmitting business which affected interstate commerce. Defendant requests: (1) the contact information and account number of each specific "unknown" coconspirator by name, address, account, or other identifying information; (2) identification of the specific transactions that

took place involving each coconspirator; and (3) the facts underlying the conclusion that defendants "knowingly and willfully" operated an "unlicensed money transmitting business."

    ii.    Paragraphs 59 through 61 allege that the "E-Gold operation" participated in certain acts. Defendant requests identification of which specific coconspirators allegedly committed each specific overt act.

    iii.    Paragraphs 65 through 67 allege that the "E-Gold operation" and "employees" participated in wire transfers in and out of certain bank accounts. Defendant requests: (1) identification and contact information of the specific coconspirators and employees that are referenced in these Paragraphs; and (2) all information related to the bank accounts referenced in these Paragraphs, identified by account holder's name, address, phone number, or other contact information.

    iv.    Paragraphs 69 through 76 allege that "defendants" committed certain overt acts. Defendant requests identification and contact information of the specific coconspirators that allegedly committed each specific overt act.

## ARGUMENT

The circumstances of the present case compel the court to order a bill of particulars on the above-referenced allegations. Rule 7(f) of the Federal Rules of Criminal Procedure allows the court to direct the government to file a bill of particulars, which is a "more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). An indictment is insufficient where it would be unfair to ask the accused to defend himself based on the charge as stated in the indictment. United States v. Colon, 628 F.2d 150, 155 (D.C. Cir. 1980). The challenged

allegations are infirm in this respect. Without the requested information, defendant cannot adequately prepare a defense for trial, evaluate the possibility of an alternate disposition or protect against unfair surprise at trial. Accordingly, the court should grant defendant's Motion for a Bill of Particulars.

A decision to require a bill of particulars is within the sound discretion of the district court. <u>United States v. Bales</u>, 813 F.2d 1289, 1294 (4th Cir. 1987). The court's discretion should be guided by the intent of Fed. R. Crim. P. 7(f), which was amended in 1966 "to encourage a more liberal attitude by courts towards bill of particulars." <u>United States v. Addonizio</u>, 451 F.2d 49, 64 (3d Cir. 1971) (citing advisory committee notes). Any doubts as to whether a bill of particulars should issue should be resolved in favor of defendant "[s]ince [a] defendant is presumed innocent…it cannot be assumed that he knows the particulars sought." <u>United States v. Tucker</u>, 262 F. Supp. 305, 307 (S.D. N.Y. 1966); <u>see also</u> <u>United States v. Manetti</u>, 323 F.Supp. 683, 697 (D. Del. 1971) (giving the defendant the benefit of the doubt when deciding whether to order a bill of particulars). Where the information requested is necessary to prepare a defense, refusal to order a bill of particulars constitutes reversible error. <u>United States v. Cole</u>, 755 F.2d 748, 760 (11th Cir. 1985).

In the present case, the requested particulars fall into three categories: (1) the identities of alleged coconspirators; (2) specification as to which alleged coconspirator performed what act; and (3) the underlying fact substantiating the defendants' alleged knowledge of customers' unlawful activity, a critical element of money laundering. Each category is addressed separately below.

I.  **Defendant is Entitled to Contact Information Related to the Identity of all Alleged Coconspirators**

9

"It is well settled that the government must identify undisclosed and unidentified coconspirators, aiders and abettors, and other individuals involved in the criminal acts charged[.]" United States v. Rogers, 617 F. Supp. 1024 (D. Colo. 1985). A bill of particulars is the proper method to obtain the names of unindicted coconspirators and/or other witnesses when it is required for defendant to prepare its defense at trial. Will v. United States, 389 U.S. 90, 99 (1967). In United States v. Palfrey, the court held that the defendant was entitled to the name of all alleged coconspirators. United States v. Palfrey, 499 F. Supp. 2d 34, 51, (D.D.C 2007)(granting the defendant's request for particulars on various allegations in a case involving an alleged prostitution ring). The court observed that this type of disclosure is common in cases involving nonviolent charges. Id. Likewise, in United States v. Hsia, the court granted the defendant's motion for a bill of particulars with respect to the names of all coconspirators finding that otherwise, the defendant would be prevented from effectively preparing for trial and be placed at risk of unfair surprise. United States v. Hsia, 24 F. Supp. 2d 14, 31, (D.D.C. 1998); see also United States v. Hubbard, 474 F. Supp. 64, 81 (D.D.C. 1979) (finding that if the government fails to identify the unidentified coconspirators guarantees prejudicial surprise to the defendant if the government is then permitted to produce "undisclosed, unknown members of the enterprise and its activities to testify against the defendant"). In this case, given that E-Gold and G&SR operate exclusively over the Internet, it is critical that the government also provide information such as email, IP and URL addresses, in addition to the traditional contact information that a defendant would require in an ordinary case.

Unnamed alleged coconspirators present an acute danger of unfair surprise at trial because they may be called as witnesses against defendant. Without knowing the identity of these unnamed persons, defendant is unable to sufficiently investigate the charges against them

or prepare their trial defense. In the present case, Paragraphs 29(a) – (d) and Paragraph 50 use the following language to refer to the alleged but unnamed coconspirators: "other persons known and unknown." Similar to Palfrey, here the court is confronted with nonviolent charges and a request which presents no risk of prejudice to the government. Accordingly, the court should grant the defendant's Motion for a Bill of Particulars.

II. **Defendant is Entitled to the Underlying Facts and Information Supporting the Conclusion that the Defendants' Allegedly had Knowledge that Financial Transactions were the Proceeds of Specified Unlawful Activity**

To establish the charges related to money laundering under the promotion prong of the statute, the government must prove beyond a reasonable doubt that defendants possessed knowledge that the financial transactions at issue involved proceeds from an unlawful activity and further, that defendants intended to promote the specified unlawful conduct. See 18 U.S.C. § 1956(a)(1)(A)(i). Under the concealment prong of the money laundering statute, the government must prove beyond a reasonable doubt that defendants possessed knowledge that the financial transactions at issue involved proceeds from an unlawful activity and, further, that defendants intended to conceal the nature, location, source, ownership, and control of the funds. See § 1956(a)(1)(B)(i). With respect to international financial transactions, the government must prove beyond a reasonable doubt that defendants did or attempted to transport, transmit, and transfer monetary instruments or funds involving the proceeds of specified unlawful activity from a place in the United States to or through a place outside the United States and further, that defendants knew the funds represented the proceeds of specified unlawful activity and intended to conceal the nature, location, source, ownership, and control of the funds. See § 1956(a)(2)(B)(i). Under the statute addressing engaging in monetary transactions, the government must prove beyond a reasonable doubt that defendant engaged in a monetary transaction that occurred inside the

11

United States and involved criminally derived property worth more than $10,000 that was derived from a specified unlawful activity. See § 1957.

In Palfrey, the indictment alleged various counts related to a large conspiracy spanning thirteen years and generating large amounts of income. 499 F. Supp. 2d at 52. The district court granted the defendant's motion for a bill of particulars requesting additional information pertaining to the "proceeds" allegedly used therein. Id. On this point, the court emphasized that the "[d]efendant should not have to waste precious pre-trial preparation time guessing what data among her thirteen years of information will be relevant to her defense." Id. Likewise, the Indictment in the present case implicates six years of business operations, more than $100 million in finances, and thousands of customers.

Throughout the Indictment, and as provided in full above, the government includes presumptive conclusions without including supporting facts as required to protect defendant's constitutional right to prepare a defense. The government's declaration that E-Gold is the "highly favored method" of monetary transactions used in "scams," "pornography," and "carding" is insufficient as it avers nothing related to defendant's knowledge of these presumed facts. See Indictment ¶¶ 23-25. The Indictment's language describing the "obviously false" contact information similarly is deficient in that no information is provided to allege that the contact information was known by defendant or any alleged coconspirator to be false. See Id. at ¶¶ 21, 31. What may be described as "obvious" to government's counsel cannot be presumed obvious to the accused, who is presumed innocent and, therefore, presumably unaware of the unlawful conduct. See Tucker, 262 F. Supp. at 307.

The Indictment continues in this bare bones tenor with the allegation that "employees recognized that certain accounts were being used for criminal purposes" and "the E-Gold

operation discovered that its customers were involved in activity that appeared to be unlawful." Id. at ¶¶ 34, 36; see also ¶¶ 37-38. The Indictment is silent as to any information regarding who, what, when, or how these discoveries and/or recognitions were made, thereby negating any meaningful trial preparation with respect to defendant's knowledge that funds were proceeds from unlawful activities, an essential element of the money laundering charges. A bill of particulars is required in this case to prevent defendant from wasting precious pre-trial preparation time sifting through unnecessary records, documentary evidence, and/or witnesses to ascertain the relevant types of evidence required to prepare their defense.

### III. Defendant is Entitled to Information Clarifying Who is Accused of Performing What Acts

The majority of allegations in the Indictment fail to specify which of the five (or more) coconspirators is being accused of what conduct. In Hsia, the court acknowledged the hindrance to trial preparation caused by an indictment that failed to clarify who performed certain acts attributed to corporations, "even where the defendant is the corporation itself." 24 F. Supp. 2d at 31. Here, the need for particularization is even more compelling because the Indictment attributes many acts to an "operation" or to "defendants." Accordingly, the government should be required to clarify which alleged coconspirators participated in what conduct, as well as the names of employees alleged to have been involved.

Additionally, because the Indictment references unindicted coconspirators "known and unknown," a bill of particulars is required to specify the alleged overt acts committed by all coconspirators, including those unindicted. See United States v. Hubbard, 474 F. Supp. 64, 81 (D.D.C. 1979) (granting defendants' requests for particulars related to the overt acts of unindicted coconspirators and any overt acts not specified in the indictment about which evidence may be presented).

In many allegations of the present Indictment, the government bundles the coconspirators into the blanket reference, "E-Gold operation." See, e.g., Indictment ¶¶ 31, 33-37, 40, 41, 46, 48, 56, 58-61, 64, 67. Consistently vague, the government also makes allegations directed towards defendants collectively throughout. See, e.g., Id. at ¶¶ 69-76. The government likely will argue that the incorporation of Paragraphs 14-18 in the Introduction to the Indictment titled "Conspirators and their Roles" cures this inadequacy. To the contrary, Paragraphs 14-18 merely state in general terms the business relationships each alleged conspirator plays with respect to the online currency exchange site. For example, Paragraph 14 reads:

> E-GOLD LTD. ("E-GOLD") was the issuer of the digital currency known as "e-gold," which functioned as an alternative payment system, was purportedly backed by stored physical gold, and operated via the Internet using the domain name www.e-gold.com.

Incorporation of this statement into the various Counts does not provide any answers to the questions triggered by the insufficient allegations. Take for example Paragraph 65: "To provide its digital currency exchange service for the purpose of facilitating 'e-gold' funds transfers, defendants operated and maintained several bank accounts in the name of Gold & Silver Reserve, Inc., doing business as OmniPay." This allegation, similar to many others, fails to provide any information linking the "who" with the "what." Based on this language, there is no way to discern who is alleged to have operated the bank accounts. Such inadequacy not only leaves defendant in the dark with regard to the nature of the specific charges against it, but also provides the government with the inevitable advantage to fit its case to the evidence as it develops before and during trial.

## CONCLUSION

Wherefore, for the reasons set forth above, and any additional reasons advanced at a hearing on this Motion, defendant E-Gold requests this Court grant its Motion and sign the attached order.

Defendant requests a hearing on this Motion.

Dated: May 29, 2008                                       Respectfully submitted,


                                                          By:_____/s/_____
                                                          Bernard Grimm (DC Bar # 378171)
                                                          COZEN O'CONNOR
                                                          1627 I St, N.W., Suite 1100
                                                          Washington, DC 20006
                                                          (202) 912-4800
                                                          (202) 912-4830 (fax)

                                                          *Attorney for Defendant E-Gold, Ltd.*

15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| E-GOLD, LTD.<br>GOLD & SILVER RESERVE, INC.<br>DOUGLAS L. JACKSON,<br>BARRY K. DOWNEY, and<br>REID A. JACKSON, | Crim. No. 07-109 (RMC) |
| Defendants. | : |

### ORDER

Upon consideration of defendant's Motion requesting a bill of particulars from the government, in the above captioned case, it is hereby ORDERED this ____ day of June 2008 that the defendant's Motion is GRANTED and the government shall produce the requests set forth in the defendant's Motion.

_____
Judge Rosemary M. Collyer