UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Crim. No. 07-109 (RMC) |
| E-GOLD, LTD. : | |
| GOLD & SILVER RESERVE, INC. : | |
| DOUGLAS L. JACKSON, : | |
| BARRY K. DOWNEY, and : | |
| REID A. JACKSON, : | |
| : | |
| Defendants. : | |
| : | |

### E-GOLD, LTD.'S MOTION TO STRIKE IRRELEVANT AND PREJUDICIAL SURPLUSAGE IN INDICTMENT AND INCOPORATED MEMORANDUM OF LAW

Defendant E-Gold Ltd. ("E-Gold"), through counsel, respectfully requests this Court to grant its Motion to Strike Irrelevant and Prejudicial Surplusage in Indictment in accordance with Fed. R. Crim. P. 7(d). As grounds for this Motion, counsel states the following:

### BACKGROUND

On April 3, 2008 the United States Attorney's Office for the District of Columbia filed a Superseding Indictment (hereinafter "Indictment") with this Court against defendants E-Gold, Gold & Silver Reserve, Inc., Douglas Jackson, Barry Downey, and Reid Jackson. Defendants are charged with various counts all arising from their alleged participation in an unlicensed money transmitting business. The Counts include: Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(2)(B)(i), (h), and 1957 (Count One); Conspiracy to Operate an Unlicensed Money Transmitting Business in violation of 18 U.S.C. § 371 (Count Two); Operation of an Unlicensed Money Transmitting Business in

1

violation of 18 U.S.C. §§ 1960 and 1962 (Count Three); and Money Transmitting without a License in violation of D.C. Code § 26-1002 (Count Four).

Defendant is contemporaneously filing a Motion for a Bill of Particulars based on the constitutionally infirm contents of the Indictment. Although lacking in factual support, the Indictment contains both irrelevant and prejudicial material. The challenged content is detailed below.

### Irrelevant and Prejudicial Language

i. Defendant requests that the following language be stricken from Paragraph 2: "E-Gold was widely accepted as a payment mechanism for transactions involving credit card and identification fraud, high yield investment programs and other investment scams, and child exploitation. E-Gold was not widely accepted by large or mainstream vendors." In addition to the improperly ambiguous term "widely," the language is irrelevant and prejudicial.

ii. Defendant requests that the following language be stricken from Paragraph 19: "The E-Gold operation claimed publicly that it was not subject to the statutes and regulations of the United States nor of any other country in which they operated or offered their services unlike legitimate financial institutions." This language is irrelevant and prejudicial.

iii. Defendant requests that the terms "obviously" and "bogus" be stricken from Paragraph 21. This language is irrelevant and prejudicial.

iv. Defendant requests that the following language from Paragraph 22 be stricken: "Unlike other Internet payment systems…" This language constitutes improper opinion by the government and is irrelevant and prejudicial.

v. Defendant requests that Paragraph 23 be stricken in its entirety. It reads:

2

> Because of the lack of controls as compared to those present with other payment systems, E-Gold has been a highly-favored method of payment by operators of investment scams, which generally refers to pyramids, ponzis, HYIPs (i.e., high-yield investment programs) and other "get-rich-quick" schemes. These scams typically promise abnormally high short-term returns on investments, but rather than paying investors any actual returns on real investments, the scams pay investors with new, incoming investment money from other investors in the scam. Eventually, the operators of the scam either disappear with all the investment money or the scam collapses because investment naturally slows as the scam grows and the operators are unable to continue paying out the promised returns. E-Gold has been favored in this area particularly because of a user's ability to operate accounts anonymously, and E-Gold's policy of making all transfers of "e-gold" irrevocable and not subject to reversal.

This language contains both inflammatory descriptive language, i.e., "scams," "get-rich-quick schemes," and improper narrative and opinion by the government. The language also is irrelevant and prejudicial.

vi. Defendant requests that Paragraph 25 be stricken in its entirety. It reads:

> 'e-gold' [sic] has been a highly-favored method of payment on websites operating to facilitate credit card and identity fraud – so-called 'carding' websites. Carding websites operate as bulletin boards and are dedicated to the promotion and facilitation of a wide variety of criminal activities including, among others, electronic theft of personal identifying information, credit card and debit card fraud, and the production and sale of false identification documents. On these websites, criminals around the world meet virtually and advertise and sell their contraband, including stolen credit card numbers, compromised identities, and false identifications, using "e-gold" as a method of payment.

This language contains inflammatory descriptive language, i.e., "highly-favored," "criminals around the world," and improper narrative and opinion by the government. The language also is irrelevant and prejudicial.

vii. Defendant requests that Paragraph 26 be stricken in its entirety. It reads: "e-gold" [sic] has been a highly-favored method of payment for sellers of child pornography over the Internet. In some instances, "E-Gold" has been the only method of payment available on websites offering child pornography for sale." In addition to the inflammatory descriptive phrase "highly-favored," the language is irrelevant and prejudicial.

3

viii.  Defendant requests that the terms "numerous" and "obviously" be stricken from the second line of Paragraph 31. The terms are irrelevant and prejudicial.

ix.  Defendant requests that Paragraph 32 be stricken in its entirety. It reads:

> With few exceptions, the employees hired to operate the E-Gold payment system had no experience in conducting financial transactions and no background in financial matters at all. Employees of the E-Gold operation received no training regarding financial transactions or avoiding criminal transactions, nor were they provided any written materials on these matters.

In addition to the vague and inflammatory descriptive phrase "[w]ith few exceptions," the language is irrelevant and prejudicial.

x.  Defendant requests that the first line of Paragraph 33 be stricken. It reads: "The E-Gold operation routinely required law enforcement and others requesting information through Grand Jury subpoenas and other process about "e-gold" accounts to send their requests to a law firm in Bermuda, falsely making it appear as if the E-Gold operation was actually located offshore." In addition to the use of the improperly vague descriptive term "routinely," the language is irrelevant and prejudicial.

xi.  Defendant requests that the term "[r]egularly" be stricken from the first line of Paragraph 34. The term is an improperly vague descriptive term and also is irrelevant and prejudicial.

xii.  Defendant requests that Paragraph 35 be stricken in its entirety. It reads:

> The E-Gold operation regularly received complaints from customers of specific "e-gold" accounts that were involved in criminal activity. It was not the E-Gold operation's practice to either close these accounts or, as is required by law for certain financial institutions, report the activity to law enforcement. In certain cases, the E-Gold operation sent messages to customers who reported investment scams advising them to 'educate' themselves about certain types of investment fraud.

In addition to the use of the improperly vague descriptive term "regularly" and the phrase "[i]n certain cases," the language is irrelevant and prejudicial.

4

xiii.   Defendant requests that the phrase "on numerous occasions" be stricken from Paragraph 36. The language is improperly vague, irrelevant and prejudicial.

xiv.   Defendant requests that the following phrases be stricken from Paragraphs 39, 40 and 41 respectively: "[o]n some occasions," "[i]n some instances," and "[i]n various instances." The language is improperly vague, irrelevant and prejudicial.

xv.   Defendant requests that the phrase "among others" be stricken from Paragraphs 45 and 47. The language improperly communicates an inference that defendant participated in unindicted activity. The language is therefore irrelevant and prejudicial.

xvi.   Defendant requests that Paragraph 60 be stricken in its entirety. It reads:

> The E-Gold operation did not require other individuals or entities offering "e-gold" exchange services to be licensed or registered as a money transmitting business, nor did it concern itself with the policies and practices of those exchangers related to the acceptance of case or other funds, or the true identification of the exchangers' customers. None of these exchangers are themselves registered or licensed as money transmitting businesses.

This language contains improper opinion by the government, i.e., "nor did it concern itself," and also is irrelevant and prejudicial.

xvii.   Defendant requests that the phrase "among others" be stricken from the preliminary language before Paragraph 69. The language improperly communicates an inference that defendant participated in unindicted collateral activities and is therefore irrelevant and prejudicial.

## Argument

The challenged language in the Indictment constitutes unnecessary and inflammatory surplusage which is properly stricken pursuant to Federal Rule of Criminal Procedure 7(d). The Advisory Committee describes subsection (d) as "a means of protecting the defendant against

5

immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." FED. R. CRIM. P. 7(d) advisory's committee note.

The Rule provides broad judicial discretion to strike improper contents from an indictment. United States v. Cooper, 283 F.Supp 2d 1215, 1239 (D. Kan. 2003). Surplusage has been defined as "allegations of matter wholly foreign and impertinent to the cause, unnecessary averments, or allegations without which the pleading would yet be adequate." Goldstein v. United States, 63 F.2d 609, 612 (8th Cir. 1933). The challenged language of the Indictment is irrelevant to the Counts contained therein and thus, if stricken, will not impact the adequacy of the Indictment.

In the present case, the Indictment is fraught with unnecessarily loaded and prejudicial language. Inflammatory language may be included in an indictment only where "absolutely necessary." United States v. Hsia, 24 F.Supp. 2d 14, 27 (D.D.C. 1998) (striking the phrase "secret, disguised and illegal" where the term "illegal" would suffice and striking the phrase, "long-standing pattern" where the specific dates would suffice). In United States v. Hubbard, 474 F. Supp. 64, 83 (D.D.C. 1979), the court struck the words "infiltrate," "burglary," "cover up," "covertly," "bogus," "illegally," and "operatives" because "the use of such colorful words to describe the allegations in the Indictment is improper where less colorful and more accurate words would suffice." The Indictment in the present case paints a similarly "colorful" description of the allegations against defendant. More than once, the Indictment alleges that E-Gold is "highly-favored" and/or "widely accepted" by individuals involved in various criminal activities. Not only are these phrases extremely ambiguous and subjective, they are unnecessary to the Indictment as irrelevant to any element of any of the counts charged. Contrary to what the language in the Indictment may suggest, no level of popularity is called for by the money

6

laundering statutes. Accordingly, the Indictment's "colorful" language, described in full above, should be stricken.

Similarly, the Indictment frequently uses the emotionally charged term "child pornography" to charge the "unlawful activity" necessary to satisfy the elements of 18 U.S.C. Section 1956. That inflammatory and prejudicial language is not necessary and should be stricken. See e.g., Hsia, 24 F. Supp. at 27.

Language that suggests to the jury an inference that defendant participated in collateral activities not contained in the Indictment should be stricken. See, e.g., United States v. Espy, 989 F. Supp. 17, 37 (D.D.C. 1997) (striking the following language on the grounds that it suggested uncharged misconduct: "including, but not limited to," "in substance and among other things," "and others"); United States v. Poindexter, 725 F. Supp. 13, 35 (D.D.C. 1989) (striking "among other things," "among others," "among," "at least," "including," "included, but not limited to," "in part," and various"). As detailed above, the Indictment is littered with similar examples of improperly suggestive language and must be stricken to avoid the prejudicial inference that defendant participated in unindicted collateral activities. The prejudice presented by this type of language, although unacceptable throughout the Indictment (as set forth in full above), is particularly high in the language preceding Paragraph 69 under "Overt Acts." It reads:

> In the course of and in furtherance of the conspiracy, and to effect the objects thereof, at least one of the defendants committed or caused to be committed at least one of the following acts, among others, in the District of Columbia and elsewhere[.]

To allege by inference that defendant may have participated in unindicted activities in furtherance of an alleged criminal conspiracy is highly prejudicial and must be stricken.

## Conclusion

Wherefore, for the foregoing reasons and any additional reasons stated at any oral argument on the Motion to Strike Irrelevant and Prejudicial Surplusage, defendant E-Gold requests that this Court grant its Motion and Strike the challenged contents.[1]

Defendant requests a hearing on this Motion.

Dated: May 29, 2008                                     Respectfully submitted,

                                                        By:_____/s/_____
                                                        Bernard Grimm (DC Bar # 378171)
                                                        COZEN O'CONNOR
                                                        1627 I St, N.W., Suite 1100
                                                        Washington, DC 20006
                                                        (202) 912-4800
                                                        (202) 912-4830 (fax)

                                                        *Attorney for Defendant E-Gold, Ltd.*

---

[1] If the court denies defendant's Motion to Strike in full or in part, defendant reserves the right to renew and supplement its Motion to Strike at the close of the government's case. See United States v. Wheaton, 463 F.Supp 1073, 1076 (S.D.N.Y. 1979). If the evidence presented at trial does not support the contents contained in the Indictment, at that time the court should strike the corresponding allegations. See Id. (holding that if, at the close of its case, the government failed to present evidence pertaining to the aliases listed in the indictment, the motion to strike would be granted as to that issue).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Crim. No. 07-109 (RMC) |
| E-GOLD, LTD. : | |
| GOLD & SILVER RESERVE, INC. : | |
| DOUGLAS L. JACKSON, : | |
| BARRY K. DOWNEY, and : | |
| REID A. JACKSON, : | |
| : | |
| Defendants. : | |
| : | |

### ORDER

Upon consideration of defendant's Motion to Strike Irrelevant and Prejudicial Surplusage in Indictment, in the above captioned case, it is hereby ORDERED this ____ day of June 2008 that the defendant's Motion is GRANTED and the government shall strike the language set forth in the defendant's Motion.

_____
Judge Rosemary M. Collyer