IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>E-GOLD, LTD., ET AL.,<br><br>　　　　　Defendants. | Crim. No. 07-109 (RMC) |

## DEFENDANTS' MOTION TO SEVER COUNT ONE

Pursuant to Fed. R. Crim. P. 12(b)(3)(D) and 14(a), and for the reasons set forth in their accompanying memorandum of law, defendants e-gold, Ltd., Gold & Silver Reserve, Inc., Douglas L. Jackson, Barry K. Downey, and Reid A. Jackson, through their attorneys, respectfully move to sever Count One (Conspiracy to Launder Monetary Instruments) from the remaining three counts alleged in the Superseding Indictment. Absent such severance, the defendants would be unfairly prejudiced and prevented from obtaining a fair trial.

The defendants respectfully request oral argument on this motion.

Dated: May 29, 2008　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: _____/s/_____
　　　　　　　　　　　　　　　　　　Barry J. Pollack (D.C. Bar No. 434513)
　　　　　　　　　　　　　　　　　　Dawn E. Murphy-Johnson (D.C. Bar No. 490232)
　　　　　　　　　　　　　　　　　KELLEY DRYE COLLIER SHANNON
　　　　　　　　　　　　　　　　　3050 K Street, N.W., Suite 400
　　　　　　　　　　　　　　　　　　Washington, D.C. 20007
　　　　　　　　　　　　　　　　　　bpollack@kelleydrye.com
　　　　　　　　　　　　　　　　　　202.342.8400
　　　　　　　　　　　　　　　　　　202.342.8451 fax

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Barry K. Downey*

Bernard Grimm (D.C. Bar No. 378171)
Cozen O'Connor, P.C.
1627 I St, N.W., Suite 1100
Washington, D.C. 20006
202.912.4800
202.912.4830 fax

*Attorneys for Defendant e-gold, Ltd.*


Aron U. Raskas
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
aur@kg-law.com
(410) 752-6030
(410) 361-8211 fax

*Attorneys for Defendant Gold & Silver Reserve, Inc.*


Joshua G. Berman
Machalagh Carr
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W., Suite 600, East Tower
Washington, DC 20005-3364
jberman@sonnenschein.com
202/408-5208
202/408-6399 fax

*Attorneys for Defendant Douglas L. Jackson*


A.J. Kramer
Michelle Peterson
Office of the Federal Public Defender
625 Indiana Avenue N.W.
Suite 550
Washington, D.C. 20004
Shelli_Peterson@fd.org
(202) 208-7528

*Attorneys for Reid A. Jackson*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>E-GOLD, LTD., ET AL.,<br><br>            Defendants. | Crim. No. 07-109 (RMC) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO SEVER COUNT ONE**

Pursuant to Rule 12(b)(3)(D) and Rule 14(a) of the Federal Rules of Criminal Procedure, defendants e-gold, Ltd., Gold & Silver Reserve, Inc., Douglas L. Jackson, Barry K. Downey, and Reid A. Jackson, through their attorneys, respectfully submit this memorandum of law in support of their motion to sever for purposes of trial Count One (Conspiracy to Launder Monetary Instruments) from the remaining three counts alleged in the Superseding Indictment ("the Indictment").

**BACKGROUND**

The Indictment alleges four counts against the defendants. Count One of the Indictment alleges money laundering. Specifically, the defendants are alleged to have been involved in transferring digital currency between accounts, which they allegedly knew involved the proceeds of specified unlawful activity. The Indictment repeatedly emphasizes that the possession and distribution of child pornography was one of the types of criminal activity perpetrated by the defendants' account holders with the knowledge of the defendants. *See* Superseding Indictment at ¶¶ 28-44. The Indictment goes to great lengths to identify transactions that purportedly

involved child pornography, *see id.* at ¶¶ 42-43 (setting forth tables), and alleges the defendants "conducted" nearly half a million dollars worth of digital currency transfers related to the sale of child pornography.[1]

Counts Two, Three, and Four of the Indictment are charges relating to the licensing of the defendants' alleged money transmitting business. More specifically, Counts Two and Three, respectively, allege that the defendants conspired to operate and, in fact, did operate an unlicensed money transmitting business in violation of federal law; and Count Four charges the defendants with transmitting money without a license in violation of District of Columbia law.

Counts Two through Four are entirely regulatory in nature. They are not dependent in any way on the underlying purpose for which account holders used their accounts nor do they allege any specific unlawful activity, such as distribution of child pornography. The only issues raised by Counts Two through Four are whether the defendants were required to be licensed and, if so, whether they acted with the necessary *mens rea* to be found guilty of a criminal violation for operating an unlicensed money transmitting business. In sum, Counts Two through Four are distinct from, and wholly independent of, the allegations in Count One. The allegations in Count One relating to child pornography are different not just in degree, but in kind, from those in Counts Two through Four.

---

[1] Indeed, the Indictment, itself, serves as a litmus for the type of highly prejudicial (and, at best, minimally probative) evidence the Government intends to introduce against the defendants at trial. For example, in describing e-gold, Ltd., the Indictment emphasizes that "'e-gold' has been a highly-favored method of payment for sellers of child pornography over the Internet. In some instances, 'e-gold' has been the only method of payment available on websites offering child pornography for sale." Superseding Indictment at ¶ 26. Yet, the later allegations in the Indictment belie the Government's argument and demonstrate how insignificant certain account holders' alleged ties to child pornography are in the context of the alleged offenses. *Compare id.* at ¶ 44 (alleging that e-gold, Ltd. "conducted" about $475,000 worth of transfers that related to child pornography), *with id.* at ¶ 48 (alleging that e-gold, Ltd. "conducted" about $146 million worth of transfers relating to other unlawful activities). It is clear that child pornography evidence would serve to prejudice the defendants. Whatever minimal probative value these allegations might have in a money laundering trial, they have none in a trial on the charges of operating an unlicensed money transmitting business.

## ARGUMENT

Rule 14 of the Federal Rules of Criminal Procedure permits the court to sever some or all of the charges in an indictment if it appears that the defendant would be prejudiced by a single trial on all counts. Fed. R. Crim. P. 14(a). District courts are afforded great latitude in deciding whether to sever a count in an indictment. *See United States v. Lane*, 474 U.S. 438, 449 n.12 (1986) (Rule 14 gives trial judge discretion to determine whether prejudice from joinder of offenses warrants severance); *United States v. Ford*, 870 F.2d 729, 730 (D.C. Cir. 1989) (trial court "enjoys wide discretion in determining whether to sever"); *United States v. Gunn*, 968 F. Supp. 1089, 1094 (E.D. Va. 1997) ("The decision to sever is one within the broad discretion of the district court").

However, where prejudice would result from joinder of offenses for trial, the only appropriate exercise of the Court's discretion is to ensure that the defendant receive separate trials. *Drew v. United States*, 331 F.2d 85, 87 (D.C. Cir. 1964) ("even though joinder is permissible under Rule 8(a), if the defendant makes a timely motion under Rule 14 and shows prejudice, the court ***should*** either order an election by the Government or grant separate trials.") (emphasis added); *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976) (noting that "[a] motion for severance is addressed to the sound discretion of the trial court," but holding that the trial court abused its discretion in denying the motion for severance) (internal citation omitted).

"In order to prevail upon a claim for severance, a defendant must show that joinder violates that defendant's constitutional fair trial right, or would 'prevent the jury from making a reliable judgment about guilt or innocence.'" *Gray*, 173 F. Supp. 2d at 10 (quoting *Zafiro*, 506 U.S. at 539). *See also Drew*, 331 F.2d at 88 (holding that there was prejudice in the joinder of robbery and attempted robbery charges because of the possibility that the jury used the evidence

of one crime to convict of the other, and separate trials should have been granted); *United States v. Henry*, 940 F. Supp. 342, 347 (D.D.C. 1996) ("While judicial economy is a factor in deciding a severance motion, it should not outweigh a defendant's basic right to a fair trial.").

In determining whether a defendant would suffer prejudice that could interfere with the constitutional right to a fair trial, a district court should determine if "'evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime.'"  *United States v. Taken Alive*, 513 F.3d 899, 903 (8th cir. 2008) (internal citation omitted).  There is no scenario in which evidence of child pornography would have any place in a trial relating to the operation of (or conspiracy to operate) a money transmitting business or the operation of such business without a license.

The D.C. Circuit has identified at least four types of prejudice, any one of which may weigh in favor of severance: (1) the jury may believe that a defendant charged with numerous offenses has a criminal disposition, and as a result may cumulate the evidence against him or perhaps lessen the presumption of innocence; (2) evidence of guilt on one count may "spillover" to other counts, and lead to a conviction on those other counts even though the spillover evidence would have been inadmissible at a separate trial; (3) the defendant "may become embarrassed or confounded in presenting separate defenses"; and (4) "[a] less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one." *Drew*, 331 F.2d at 88; 1A Charles Alan Wright and Andrew D. Liepold, Federal Practice and Procedure, § 222 (2008 ed.).

At a trial at which all charges were joined, the child pornography evidence and evidence of other specified unlawful activity, which would be wholly inadmissible on a trial of Counts Two through Four, would plainly impact the jury's consideration of those counts.  The jury

might well conclude that a defendant who knowingly and repeatedly transacted in criminal proceeds from specified unlawful activity would be more likely knowingly to operate a money transmission business without a license, thus lessening the presumption of innocence on Counts Two through Four. Because the evidence on Count One would be inadmissible at a separate trial on Counts Two through Four, the evidence on Count One likely would impermissibly "spillover" to the other counts in a joint trial, thereby prejudicing the defendants.

Moreover, as courts routinely recognize, child pornography is an emotionally charged issue and mere utterance of the phrase tends to incite jurors' passions. *See, e.g.*, *United States v. Prunick*, No. 07-13472, 2008 U.S. Dist. LEXIS 7947, at *3 (11th Cir. Apr. 9, 2008) (affirming district court's grant of new trial in child pornography case because, in part, "the illicit pornographic images were quite graphic and disturbing, [and] highly inflammatory in nature"); *United States v. Sturm*, No. 06-CR-00342-LTB, 2007 U.S. Dist. LEXIS 12261, at *11 (D. Colo. Feb. 22, 2007) (severing firearm possession count from child pornography count because "the charge of child pornography possession, particularly detestable and inflammatory conduct, creates a real danger both that [defendant] may be confounded in presenting defenses and that the jury might decide to convict [defendant] of both crimes based upon a perceived criminal disposition."); *United States v. Gray*, 78 F. Supp. 2d 524, 532 (E.D. Va. 1999) (severing possession of child pornography charge from charge of unlawfully accessing a government computer and identifying the prejudice that would result if severance was not granted "[g]iven the highly inflammatory nature of a charge of possessing child pornography).

It is clear that the prejudice of introducing inherently inflammatory evidence of child pornography into an allegedly unlawful money transmitting case has the potential to be overwhelming; it is likely to be catastrophic to the defense. Just as in *Sturm* and *Gray*, *supra*,

introduction of evidence of child pornography to support the Government's charge of conspiracy by the defendants to commit money laundering in Count One would create a significant and palpable danger that such evidence would engender feelings of hostility towards the defendants that would impair a jury's objective consideration of Counts Two through Four.

Thus, in this case, at least three of the four potential types of prejudice identified in *Drew* would be present if Count One were not severed and would impact on the defendants' ability to receive a fair trial on Counts Two through Four. Where, as here, the defendants clearly would be prejudiced by the joinder of the offenses in a single trial, the Court should order separate trials. Fed. R. Crim. P. 14(a); *Drew*, 331 F.2d at 87.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that this Court enter an order severing Count One from the three remaining charges alleged in the Indictment.

Dated: May 29, 2008

Respectfully submitted,

By: ____/s/_____
Barry J. Pollack (D.C. Bar No. 434513)
Dawn E. Murphy-Johnson (D.C. Bar No. 490232)
KELLEY DRYE COLLIER SHANNON
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
bpollack@kelleydrye.com
202.342.8400
202.342.8451 fax

*Attorneys for Defendant Barry K. Downey*

Bernard Grimm (D.C. Bar No. 378171)
Cozen O'Connor, P.C.
1627 I St, N.W., Suite 1100
Washington, D.C. 20006
202.912.4800
202.912.4830 fax

*Attorneys for Defendant e-gold, Ltd.*

Aron U. Raskas
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
aur@kg-law.com
(410) 752-6030
(410) 361-8211 fax

*Attorneys for Defendant Gold & Silver Reserve, Inc.*


Joshua G. Berman
Machalagh Carr
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W., Suite 600, East Tower
Washington, DC  20005-3364
jberman@sonnenschein.com
202/408-5208
202/408-6399 fax

*Attorneys for Defendant Douglas L. Jackson*


A.J. Kramer
Michelle Peterson
Office of the Federal Public Defender
625 Indiana Avenue  N.W.
Suite 550
Washington, D.C. 20004
Shelli_Peterson@fd.org
(202) 208-7528

*Attorneys for Reid A. Jackson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2008, a true and correct copy of the foregoing Defendants' Motion and Memorandum of Law to Sever Count One was served via ECF on all counsel of record.

_____/s/_____
Barry J. Pollack

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**E-GOLD, LTD., ET AL.,**<br><br>       **Defendants.** | **Crim. No. 07-109 (RMC)** |

**[PROPOSED] ORDER**

Upon consideration of the defendants' Motion to Sever Count One of the Superseding Indictment, any opposition thereto, and the entire record herein, on this _____ day of _____, 2008, it is by the Court hereby

**ORDERED** that the defendants' motion is **GRANTED**; and it is further

**ORDERED** that Count One is hereby **SEVERED** for purposes of trial.

_____
The Honorable Rosemary M. Collyer
United States District Judge