UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-109(RMC) |
| v. : | |
| : | |
| E-GOLD, LTD., : | |
| GOLD & SILVER RESERVE, INC., : | FILED |
| DOUGLAS L. JACKSON, : | |
| BARRY K. DOWNEY, and : | JUL 21 2008 |
| REID A. JACKSON, : | |
| : | NANCY MAYER WHITTINGTON, CLERK |
| Defendants. : | U.S. DISTRICT COURT |

## CONSENT ORDER OF FORFEITURE

WHEREAS, a written plea agreement was filed with this Court and signed by defendants **E-GOLD, LTD.** and **GOLD & SILVER RESERVE, INC.**, and their respective counsel, Bernard Grimm and Aron Raskas, in which defendants E-GOLD, LTD. and GOLD & SILVER RESERVE, INC. agreed to plead guilty to felony violations, that is, money laundering conspiracy and operation of an unlicensed money transmitting business in violation of 18 U.S.C. §§ 1956 and 1960;

WHEREAS, the Indictment also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a), as property involved in the commission of the offenses set forth above;

WHEREAS, in its plea agreement, the defendants expressly agreed and consented to the entry of an Order of Forfeiture, under Fed. R. Crim. P. 32.2(b)(2), concerning certain property subject to

forfeiture, as property involved in its violations of 18 U.S.C. §§ 1956 and 1960; and

WHEREAS, this Court has determined, based on the evidence set forth during the defendants' guilty pleas, that the "Subject Property" is subject to forfeiture pursuant to Title 18, United States Code, Section 982, and that the Government has established the requisite nexus between such property and violation of Title 18, United States Code, Sections 1956 and 1960;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 982:

> **MONEY JUDGMENT:** not to exceed $1,750,000.00 for which defendants E-GOLD, LTD. and GOLD & SILVER RESERVE, INC. are jointly and severally liable (One Million, Seven Hundred Fifty Thousand U.S. Dollars). The United States agrees that it is in possession of all funds to be forfeited.

2. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this Order consists solely of a money judgment against a defendant. Rule 32.2(c)(1). Any person, other than the above named defendants, asserting a legal interest in the Subject Property may, within thirty days of

the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. § 853).

3. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

4. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to each defendant at the

time of its sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney William R. Cowden, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this 21 day of July, 2008.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

**WE ASK FOR THIS:**

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
United States Attorney

By: _____
JONATHAN HARAY (DC Bar No. 480140 )
Assistant United States Attorney
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-2877
~~EMAIL~~

_____
LAUREL LOOMIS RIMON

Criminal Division
ADDRESS
Washington, D.C. 20530
(202)
Laurel.Loomis.Rimon@usdoj.gov

_____
KIMBERLY KIEFER PERETTI
Senior Counsel
U.S. Department of Justice
Computer Crime and
    Intellectual Property Section
1301 New York Ave., NW, Suite 600
Washington, D.C.  20530
(202) 353-4249
kimberly.peretti@usdoj.gov

_____  Douglas Jackson, for
E-GOLD, LTD.
Defendant

_____
BERNARD S. GRIMM
ATTORNEY
Counsel for Defendant E-GOLD, LTD.

_____  Douglas Jackson for
GOLD & SILVER RESERVE, INC.
Defendant

_____
ARON U. RASKAS
ATTORNEY
Counsel for Defendant GOLD &
    SILVER RESERVE, INC.

RECEIVED
NANCY MAYER, U.S. DISTRICT COURT CLERK