UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Criminal No. 07-109 (RMC) |
| v. : | |
| : | |
| E-GOLD, LTD. : | |
| GOLD & SILVER RESERVE, INC. : | |
| DOUGLAS L. JACKSON, : | |
| BARRY K. DOWNEY, and : | |
| REID A. JACKSON : | |
| : | |
| **Defendants.** : | |
| : | |

## NOTICE OF FILING

Counsel for the government and defense hereby submit the attached amended Post Indictment Restraining Order. Both the government and defense have agreed to the amended language and respectfully request the Court's signature.

Counsel for the government and defense request that this order replace and supersede any previously signed post indictment restraining orders issued in this case.

Dated: August 1, 2008                    Respectfully submitted,


By: _____/s/_____
Bernard Grimm (D.C. Bar No. 378171)
COZEN O'CONNOR, P.C.
1627 I Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 912-4800
(202) 912-4830 (fax)

*Attorneys for Defendant e-Gold, LTD.*

Cc:  Barry J. Pollack
Kelley Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
Attorneys for Defendant Barry K. Downey

Aron U. Raskas
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
Attorneys for Defendant Gold & Silver Reserve, Inc.

Joshua G. Berman
Machalagh Proffit-Higgins
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W., Suite 600, East Tower
Washington, DC 20005-3364
Attorneys for Defendant Douglas L. Jackson

A.J. Kramer
Michelle Peterson
Office of the Federal Public Defender
625 Indiana Avenue N.W.
Suite 550
Washington, D.C. 20004
Attorneys for Reid A. Jackson

Laurel Loomis Ramon
United States Attorney's Office
Asset Forfeiture and Money Laundering Section
1400 New York Avenue, NW
Room 2200
Washington, DC 20530

Kimberly Kiefer Peretti
U.S. DEPARTMENT OF JUSTICE
1301 New York Avenue, NW
Suite 600
Washington, DC 20530-0001

Jonathan Haray
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 5838
Washington, DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No. 07-109 (RMC) |
| v. | : | |
| | : | |
| E-GOLD, LTD. | : | |
| GOLD & SILVER RESERVE, INC. | : | |
| DOUGLAS L. JACKSON, | : | |
| BARRY K. DOWNEY, and | : | |
| REID A. JACKSON | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## POST-INDICTMENT RESTRAINING ORDER

The United States has made an *ex parte* application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of certain property that is subject to forfeiture in the above-styled criminal action. Upon consideration of the Government's application, the verified materials submitted in support thereof, and the Indictment of E-GOLD, LTD., GOLD & SILVER RESERVE, INC., DOUGLAS L. JACKSON, BARRY K. DOWNEY, and REID A. JACKSON, it appears to the Court that there is probable cause to enter a restraining order to preserve the subject property based upon the following:

1. That a federal grand jury of this district has returned an Indictment against E-GOLD, LTD., GOLD & SILVER RESERVE, INC., DOUGLAS L. JACKSON, BARRY K. DOWNEY, and REID A. JACKSON, on charges of money laundering conspiracy, operation of an unlicensed money transmitting business, and conspiracy to operate an unlicensed money transmitting business**,** in violation of 18 U.S.C. §§ 371, 1956, and 1960. Furthermore, said Indictment alleges criminal forfeiture under 18 U.S.C. § 982(a)(1) of certain property; to-wit:

> All the assets, including without limitation, equipment, inventory, accounts receivable and bank accounts, of E-GOLD, LTD., and GOLD & SILVER RESERVE, INC., whether titled in those names or not, including, but not limited to all precious metals, including gold, silver, platinum, and palladium, that "back" the e-metal electronic currency of the E-GOLD operation, wherever located.

2. That the federal grand jury's indictment of E-GOLD, LTD., GOLD & SILVER RESERVE, INC., DOUGLAS L. JACKSON, BARRY K. DOWNEY, and REID A. JACKSON, which specifically identified property as being subject to forfeiture under 18 U.S.C. § 982(a)(1), establishes sufficient probable cause for the issuance of this restraining order.

3. That in the event E-GOLD, LTD., GOLD & SILVER RESERVE, INC., DOUGLAS L. JACKSON, BARRY K. DOWNEY, or REID A. JACKSON are convicted of the charges alleged in said Indictment, the subject property would be subject to forfeiture under 18 U.S.C. § 982(a)(1).

4. As of this date, the United States has not been able to locate all of the property subject to forfeiture in this case. In particular, the Government has not been able to locate all of the foreign bank accounts used by the defendants to facilitate the money laundering conspiracy alleged in Count One, and to conduct their unlicensed money transmitting business as alleged in Count Three.

5. That information regarding the "e-gold" digital currency held by the defendants and transferred by the defendants on behalf of their customers is maintained on computer servers housing a Microsoft SQL server database, and which are capable of being copied to portable

computer storage media. And, that such information is currently entirely under the control of the defendants and not subject to any oversight or verification by any other entity.

6. That the "e-gold" digital currency allocated to specific customer accounts is an asset of E-GOLD, LTD. and GOLD & SILVER RESERVE, INC., and is thus subject to forfeiture under the indictment because (1) the precious metals "backing" the "e-gold" in customer accounts are owned by, and under the control of, the defendants, and (2) E-GOLD, LTD. possesses title to the funds in its accounts, subject to the unsecured right of its account holders to seek credit for the amounts they deposited.

7. That the need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered, and that the order requested is narrowly tailored to allow orderly continuation of defendants' business activities as well as the ability of the defendants' customers to access their funds.

8. That any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That defendant(s) E-GOLD, LTD., GOLD & SILVER RESERVE, INC., DOUGLAS L. JACKSON, BARRY K. DOWNEY, and REID A. JACKSON shall itemize, in the form of an affidavit submitted to the Government and the Court no later than May 4, 2007, all property held by them or on their behalf that is described in the indictment as being subject to forfeiture, specifically,

>All the assets, including without limitation, equipment, inventory, accounts receivable and bank accounts, of E-GOLD, LTD., and GOLD & SILVER RESERVE, INC., whether titled in those names or not, including, but not limited to all precious metals, including gold, silver, platinum, and palladium, that "back" the e-metal electronic currency of the E-GOLD operation, wherever located.

whether such property is located in the United States or elsewhere, and shall disclose the location and value of such property, and the name(s) in which it is held, and

IT IS FURTHER ORDERED that defendants are required to take the following additional action with respect to the precious metals held by them – including any over which they have any direct or indirect interest or control, including but not limited to, all such assets that are directly owned by them as well as all such assets that indirectly owned by or credited to their benefit through agents, nominees, trusts, or business entities controlled by them – as backing for the digital currency issued by them:  Provide an accounting within (5) five days of this order to the Government and the Court by May 4, 2007 of all precious metals held, including a listing of the name in which the metals are held, where they are currently stored, any identification names or numbers applicable to each piece held, and the current value of each piece.  Nothing in the provisions of this restraining order should be construed as limiting the e-gold operation's ability to use its existing funds to satisfy requests from its customers to exchange e-gold into national currency, or its ability to sell precious metals to accomplish the same once approval has been received.

IT IS FURTHER ORDERED that upon receipt of this Order, the defendants are required to not conduct or allow any further transactions in – that is, to freeze – e-gold accounts that the e-gold operation itself has already identified as being used for criminal activity. Defendants shall continue to freeze all accounts that have been frozen (or in any way suspended from conducting further transactions) by the e-gold operation on the basis that they have been involved in either child pornography, or credit card or identity fraud.

IT IS FURTHER ORDERED that defendants are required to provide the United States within (1) day of the date on which they execute the provisions of this order, and the seizure warrants concurrently issued with it, an electronic copy of the Microsoft SQL server databases and/or files reflecting transactions conducted, and account owner or operator information, for all E-GOLD, LTD. and GOLD & SILVER RESERVE, INC. transactions from March 15, 2007 through the date on which defendants execute the provisions of this order, and the seizure warrants concurrently issued with it.

IT IS FURTHER ORDERED that the Secretary of the Department of Homeland Security or his designee shall promptly serve a copy of this Restraining Order upon E-GOLD, LTD., GOLD & SILVER RESERVE, INC., DOUGLAS L. JACKSON, BARRY K. DOWNEY, and REID A. JACKSON, and shall a make a return thereon reflecting the date and time of service.

IT IS FURTHER ORDERED that, with respect to funds needed for operating expenses, within three days of selling, transferring, or disposing of any of the identified gold bars, defendants are required to submit to the Government notice of the action and the specific expenses being covered. With respect to funds needed for customer requests, notice will be provided to the Government three days before action to dispose of any gold bars. With respect to

precious metals other than gold, no prior or subsequent notice, or approval by the Government is required.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

DONE this the _____ day of _____, 2008.

_____
United States District Judge

Cc:  Bernard S. Grimm
Cozen O'Connor
1627 I Street, NW
Suite 1100
Washington, DC 20006
Attorneys for Defendant E-gold, Ltd.

Barry J. Pollack
Kelley Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
Attorneys for Defendant Barry K. Downey

Aron U. Raskas
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202-3201
Attorneys for Defendant Gold & Silver Reserve, Inc.

Joshua G. Berman
Machalagh Proffit-Higgins
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W., Suite 600, East Tower
Washington, DC  20005-3364
Attorneys for Defendant Douglas L. Jackson

A.J. Kramer
Michelle Peterson
Office of the Federal Public Defender
625 Indiana Avenue  N.W.
Suite 550
Washington, D.C. 20004
Attorneys for Reid A. Jackson

Laurel Loomis Ramon
United States Attorney's Office
Asset Forfeiture and Money Laundering Section
1400 New York Avenue, NW
Room 2200
Washington, DC 20530

Kimberly Kiefer Peretti
U.S. DEPARTMENT OF JUSTICE
1301 New York Avenue, NW
Suite 600
Washington, DC 20530-0001

Jonathan Haray
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 5838
Washington, DC 20530